JULIA McNALLY, Respondent, v. REUBEN HAWKINS, Executor, Appellant.

Kansas City Court of Appeals, May 13, 1912.

EXECUTORS AND ADMINISTRATORS: Probate Court: Final Settlement: Setting Aside: Exceptions: Discretion. An executor made final settlement of an estate in the probate court. At the same term the widow of the deceased filed a motion in that court to set aside the order of approval of the settlement, that she might file exceptions thereto. It was *held* that the probate court had the authority to set it aside and that in doing so it did not abuse its discretion.

Appeal from Livingston Circuit Court.—*Hon. Arch. B. Davis,* Judge.

AFFIRMED.

*Frank Sheetz* for appellant.

(1) The petition states no facts constituting any cause of action. Welch v. Mastin, 98 Mo. App. 277; Castlio v. Greenburg, 51 Mo. 163; Hoffman v. London, 96 Mo. App. 189; Robyn v. Chrenide, 127 Mo. 390. (2) No application was ever made to the probate court for her absolute allowance of four hundred dollars until the personal property had all been exhausted by the payment of debts. R. S. 1909, sec. 117, page 186; Cummings v. Cummings, 51 Mo. 263; Griswold v. Mattix, 21 Mo. App. 285; R. S. 1909, sec. 118, page 187; Drowry v. Bauer, 68 Mo. 155. (3) The claimant was not entitled to a widow's absolute allowance under the will of J. S. McNally. Schwatken v. Daudt, 53 Mo. App. 1; Glenn v. Gunn, 88 Mo. App. 423.

*Paul E. Kitt* for respondent.

The right of probate court during term to vacate and set aside its judgment, by default or otherwise, rendered at same term is unquestioned. Rottman v. Schumucker, 94 Mo. 139; Aull v. Trust Co., 149 Mo. 1; Ewart v. Peniston, 233 Mo. 695; 1 Am. Law of Adm. (2 Ed.), page 355; Krupp v. Miller, 133 Mo. App. 256; Smith v. Perkins, 124 Mo. 50; Scott v. Smith, 133 Mo. 618; Hulbert v. Tredway, 159 Mo. 665. The respondent was entitled to four hundred dollars as her absolute property in her deceased husband's estate, the same vested in her absolutely the moment her husband died. R. S. 1909, secs. 117-118; In re Klosterman, 6 Mo. App. 314; Bryant v. McCune, 49 Mo. 546; Cummings v. Cummings, 51 Mo. 262; Hastings v. Hastings, 21 Mo. 519; Earns v. Earns, 79 Mo. 53; Martin v. Jones, 155 Mo. App. 490. It was the duty of the executor to turn over the four hundred dollars to the widow without any formal application in writing to

him.  Cummings v. Cummings, 51 Mo. 261; Woerner Am. Law of Adm., secs. 77 to 92; Whaley v. Whaley, 50 Mo. 577; Rhea v. Greer, 86 Tenn., 5 S. W. 595; Glen v. Gunn, 88 Mo. App. 423; Freeman v. Washtenaw, 79 Mich. 390, 44 N. W. 856. The will in question did not preclude the widow from obtaining the four hundred dollars.  Glen v. Gunn, 88 Mo. App. 423; Ellis v. Ellis, 119 Mo. 63; Coulter v. Lyda, 102 Mo. App. 401. She was not compelled to make written application therefor to the executor; she applied to the executor therefor before he had paid out the money of the estate, he refused to pay her; he should not be allowed to say she is too late when he was notified of her claim long before he had made any disposition of the funds, he should have waited until the time for appeal or objection to his settlement had elapsed.  Coulter v. Lyda, 102 Mo. App. 401.

ELLISON, J.—Plaintiff is the widow and defendant is the executor of the estate of J. S. McNally, deceased.  The executor made final settlement of the estate in the probate court.  During the same term, on motion of the widow, that court set aside the judgment of approval of the settlement, for the purpose of allowing her to file exceptions thereto.  Defendant appealed from that order to the circuit court.  In the latter court it was found that the probate court "did not arbitrarily exercise its discretion or abuse the same in setting aside and vacating the final settlement;" and a judgment was there entered setting aside the settlement as the probate court had done.  From this judgment of the circuit court defendant appealed to this court.

It appears that the widow desired the settlement set aside so that she might assert and try her right to an allowance of four hundred dollars, as authorized by sections 117, 118, Revised Statutes 1909.  Defendant objects to setting aside the approval of the final

McNally v. Hawkins.

settlement, on the ground, as alleged, that plaintiff is not entitled to that allowance for various reasons. And a trial of that right, involving the entire merits of the case, has crept into the briefs and arguments of the counsel for either party in this court. Plaintiff, however, has separately insisted that the merits of that controversy are not involved in this appeal. And she likewise separately contends that the judgment of the probate court approving the settlement was a judgment by default, and that there is no appeal from an order setting aside such a judgment, citing Breed v. Hobart, 187 Mo. 140, and the dissenting opinion in Carr v. Dawes, 46 Mo. App. l. c. 600.

In our opinion it is not proper, in ordinary procedure, that we should determine the merits of the controversy at this time. Now will we pass upon the question of the right of appeal, since, if we grant there is such right, appellant must fail.

We have therefore confined ourselves to an examination of the action of the probate court and we see no reason why that court should not have the power, on application at the same term, to set aside its order of approval of an administrator's or executor's final settlement so as to permit exceptions thereto. Of course there could be action of this kind without justification; but we think, with the circuit court, that there was no abuse of judicial discretion in this instance. The result is, that without passing on the merits of the controversy, the plaintiff should be allowed to file her objections and exceptions to the settlement, when the issues then made can have regular and judicial investigation.

The judgment is affirmed. All concur.