In re Application of Henry County Mutual Burial Association, Petitioner, Appellant.—77 S. W. (2d) 124.

Kansas City Court of Appeals. December 3, 1934.

*Floyd L. Sperry* and *McReynolds & Flanigan* for appellant.

BLAND, J.—This is an appeal from a decree refusing to reincorporate the Henry County Mutual Burial Association.

The facts show that prior to December 15, 1933, Mr. F. E. Wilkinson attempted to organize a burial association to be known as the Henry County Mutual Burial Association, but was unable to obtain 3000 applications for membership and gave up the effort. Section 5415, Revised Statutes 1929, requires at least 3000 members in order

to form an association of the kind. There was located at Carthage in Jasper County a burial association known as the Southwest Missouri Burial Association. This association was incorporated under the statute providing for the organization of Benevolent, Religious, Scientific, Fraternal, Educational and Miscellaneous Associations (see Laws 1917, pp. 228, 229, 230; Sections 5014 to 5019, R. S. 1929). It was incorporated in 1917 by the Circuit Court of Lawrence County and proceeded to carry on the business for which it was organized. In December, 1933, a majority of its members was in Henry County. At the time of the trial of this case it had, in all, some 2000 to 2500 members.

Not being able to organize a burial association in Henry County Mr. Wilkinson went to Carthage and on December 15, 1933, a meeting was held by the Southwest Missouri Cooperative Burial Association, attended by about fifty members. The officers and directors of said association resigned and F. E. Wilkinson, Grace Lee Wilkinson and C. W. Cordray, were elected trustees, who in turn elected F. E. Wilkinson, President, C. W. Cordray, Secretary and Grace Lee Wilkinson, Treasurer of the association. It was resolved that the name of the association be changed to the Henry County Mutual Burial Association and its location be changed to the city of Clinton in Henry County.

On January 11, 1934, the charter of the association was amended by a decree of the Circuit Court of Lawrence County changing the name to the Henry County Mutual Burial Association and changing its charter so as to provide that future notices of meetings should be published in a newspaper printed in Clinton, Henry County. On January 24, 1934, the officers filed in the Circuit Court of Henry County the instant proceeding praying that said corporation be moved to and reincorporated in Henry County. On February 6, 1934, a decree was entered as prayed.

On March 19, 1934, a number of undertakers and undertaking firms filed a paper requesting that the court set aside its decree. Thereafter, the court set aside its said decree and on March 20, 1934, the Honorable W. E. Owen, a member of the Henry County Bar, was appointed *amicus curiae*, with directions to investigate and report to the court. On March 22, 1934, the said *amicus curiae* filed a report, recommending that the petition be denied on various grounds, one being that the membership certificate issued by the association "tends to show that there is a very pronounced element of profit intended to enure to the named Wilkinson Funeral Home, which is in direct opposition to the law and purpose of the incorporation of the society." The membership certificates issued by the association provide, in part, as follows:

"If a member shall have been in good standing in said association for six months prior to death, then the full amount of said benefit

shall be paid in cash or in funeral services to be provided by the association, at the option of the member's representative; if deceased shall not have been in good standing in said association for as long a period as six months at the time of his or her death, then the association will, at the option of the deceased member's representative, pay in cash fifty per cent (50%) of the face value of the certificate or furnish a complete standard funeral service as is furnished other members of the association.

"VI. A standard association funeral service shall consist of embalming, casket, outside box, grave marker, funeral coach and service of funeral director, said merchandise used therein to be at all times on display in the Fred Wilkinson Funeral Home, Inc., of Clinton, Missouri, and subject to inspection; the above service shall be paid for by the association as follows:

"In case of senior member one hundred dollars ($100); in case of junior member fifty dollars ($50).

"VII. If representative of deceased member shall elect a more expensive funeral service than the standard service hereinafter mentioned, from the Fred Wilkinson Funeral Home, Inc., the association will pay the amount of the certificate in accordance with the terms hereinbefore mentioned, in cash, to be applied on said funeral service, and will procure a ten per cent (10%) discount upon the balance of the cost of said service if paid in cash within ninety days after date of death, subject to approval of Fred Wilkinson Home, Inc.

"Any member of a member's family will be provided the standard funeral service of the association, same to be paid for by representative of deceased, at ten per cent (10%) discount for such service, if the service selected shall exceed a cost of one hundred dollars ($100). The same provision mentioned in the preceding sentence shall apply to the funeral service of any member if the service selected shall exceed the amount of the certificate and if the balance therein be paid in cash within thirty (30) days after date of death.

"VIII. If any member shall die at a distance too great to be conveniently served by the Fred Wilkinson Funeral Home, Inc., representatives of said member may elect to accept the cash amount of the certificate in full settlement of the certificate or may elect to accept the merchandise for the said funeral, same to be shipped to the nearest railroad point to location of deceased member, express prepaid.

"If death occurs at a distance from Clinton and burial is to be made in Henry County, the association will furnish the services as hereinbefore provided, representative of deceased to pay for transportation of body; and any member of this association using the Fred Willkinson Funeral Home, Inc., ambulance service shall be entitled to ten per cent (10%) discount on charges of said services; but in no event shall the association be liable for any services not authorized by the association."

The statute providing for the method of changing the location of benevolent, religious, etc., corporations was passed in 1931 (see Laws 1931, p. 176, 3 Mo. Statute Annot., pp. 2289, 2290). This statute provides that a benevolent, religious, etc., corporation may change its location from one county to another in this State by filing a petition and a certified copy of its articles of association in the circuit court of the county to which it desires to change its residence, "asking that the corporation be removed and reincorporated in the county or city to which it wishes to move, with all of its rights, franchises and properties that it then has. After the copy of the articles of association and petition are filed with the circuit court they shall be proceeded with as is provided in filing new articles of association and petition as in Section 4997, Revised Statutes 1929. Nothing herein provided shall be construed to prevent the corporation continuing in perpetual succession to all its rights, franchises and properties, and liable for all its previous obligations as if no change of location had been made, and it shall enjoy all the rights and privileges as a corporation formed in the county or city to which it moves in the first instance." Section 4997 provides for the original incorporation of such corporations. It will thus be seen that in order to change the location of a corporation of this kind, it is necessary to go through the same process that it required in the original incorporation of the association.

In granting or refusing a *pro forma* decree the court "may grant or dismiss the petition as it deems best." [Y. M. C. A. v. St. L. W. C. A., 115 Mo. App. 228, 231.] The law is well settled that a corporation of this kind may not be created for the pecuniary benefit of its founders. [In re St. L. Inst. of C. S., 27 Mo. App. 633, 641; State ex rel. Y. M. C. A. v. Gehner, 320 Mo. 1172.] Section 5003, Revised Statutes 1929, provides that no association, society or company formed for pecuniary profit shall be incorporated under the incorporation statute in question.

There is much in the record to suggest that one of the purposes for moving the association to Henry County was to assist in the promotion of the business of the Fred Wilkinson Funeral Home located there. Carrying out the spirit of the statute, it would seem that no one engaged in a business for profit should be permitted to use the statute providing for the incorporation of benevolent, religious, etc., corporations to organize or reincorporate a corporation thereunder for the promotion of such a business and this is so whether such a person is a member of the corporation or proposed corporation. It appears that the discretion vested in the trial court in such matters was not abused in this instance.

It is claimed that the court erred in giving consideration to the intervening petition filed by the undertakers to set aside the decree of removal. There was no appeal from the order setting aside the

decree and, aside from this, there is nothing to show that the court sustained the motion or petition filed by the undertakers.

It is well settled that all courts of record have the power, on their own motion, to modify or set aside judgments, orders or entries during the term at which they are made (Bartling v. Jamison, 44 Mo. 141, 145; McNally v. Hawkins, 163 Mo. App. 692, 695; Rottman v. Schmucker, 94 Mo. 139), that the court may go outside of the record made in the trial of the cause and obtain information from any source in ascertaining the facts upon which to base such action (Cherry v. Cherry, 35 S. W. (2d) 659), that the act of the court in setting aside a judgment or order on its own motion may be instigated by an application or paper filed in the case by a stranger to the record. (Ewart v. Peniston, 233 Mo. 695, 712; Reid v. Moulton, 210 S. W. 34, 36; Marsala v. Marsala, 288 Mo. 501, 504; Mahon v. Fletcher's Estate, 245 S. W. 372), and that unless the court has abused its discretion in setting aside a judgment or order on its own motion, the appellate court will not interfere. [McNally v. Hawkins, supra.]

The judgment is affirmed. All concur.