# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

APRIL TERM, 1910.

———

### MARIE ALT v. WILLIAM C. DINES et al., Appellants.

Division One, April 12, 1910.

1. **BILL OF EXCEPTIONS: Part of Record.** A bill of exceptions becomes a part of the record only when the court orders it to be filed and made such, and that fact cannot be shown by recitals in the bill itself.

———: **Judgment: Motion for New Trial: How Shown.** Neither the judgment rendered, nor the orders overruling the motions for a new trial and in arrest, can be shown except by the record proper. A recital in the bill, ahead of the judge's approval thereof, that a motion for a new trial was overruled, and in the bill alone, is not sufficient to show either that the motion was filed or that it was overruled. Nor is a recital in the bill alone that judgment was rendered for respondent sufficient to show that fact. Those facts must be shown by the record proper; and as a part of the record proper, where the appeal is by the short method, will be considered the transcript of the judgment on file with the clerk, although it is nowhere set forth in the abstract.

3. **JUDGMENT: Not Responsive to Pleadings.** Where the purpose of the suit, as shown by the pleadings set out in the abstract, was to set aside a deed, on the ground that defendant obtained it by fraud, with a prayer as an incident that an account for rents and profits be taken, and the judgment rendered, as shown (not by the abstract but) by the certified copy thereof on file with the clerk, does not set aside the deed, but renders a monetary judgment only, it cannot stand but will be reversed, although no part of what purports to be the bill of exceptions can be considered.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

REVERSED AND REMANDED.

*Chester H. Krum* for appellants.

*Thos. S. Meng* and *S. T. G. Smith* for respondent.

VALLIANT, J.—The only items as of the record proper shown by the abstract are, the petition, the demurrer and the answer. An amendment to the abstract shows that the affidavit for an appeal was filed in due time and appeal allowed.

The petition is in the nature of a bill in equity to set aside a deed to real estate on the ground that it was obtained by fraud on the part of defendant; it also prays for an accounting of rents and profits. Under the index heading of "Record Aliunde" the abstract sets out the evidence and at the conclusion of the evidence is this statement:

"December 14, 1905, the court entered a decree for respondent. Within four days thereafter, at the same hour, to-wit: December 15, 1905, appellant filed a motion for a new trial, and on December 15, 1905, filed a motion in arrest of judgment. These motions were overruled January 20, 1906. On February 1, 1906, the motion for a new trial was reinstated by the court of its own motion, the order overruling it being set

aside, and on the last day of the December term, 1905, the court set aside the decree of December 14, 1905, and took the case farther under advisement.

"April 30, 1906, the court entered a decree for respondent.

"May 4, 1906, at the same term and within four days after the decree, the appellant filed the following motion for a new trial, to-wit:''

The motion which is there set out in full assigns, besides other grounds, the action of the court, after setting aside the judgment of December 14, in taking the cause under advisement and rendering another judgment without a new trial or opportunity to defendant to be heard. Then follows a motion in arrest.

Then follows this statement:

"These motions were overruled September 20, 1906, and appellants only excepted.

"June 16, 1906, Virgil Rule, theretofore appointed referee to state an account, filed his report, the appellant excepted to it June 19, 1906, at the same term, and these exceptions were overruled September 20, 1906, and the appellants duly excepted.

"September 20, 1906, the court entered a decree for respondent. September 24, at the same term, and within four days after said decree, appellants filed the following motion for a new trial,'' which motion is also copied in full. Then follows a statement that on the same day the following motion in arrest was filed, and it is copied. Then follows the statement: "These motions for a new trial and in arrest of judgment were overruled September 20, 1906, and appellant duly excepted.''

The abstract does not show what, if anything, the record proper shows as to the decree, or as to the filing of the motions or the rulings of the court on the same, or that the bill of exceptions was filed. There is a statement that leave to file a bill of exceptions within ninety days was granted and that the bill was "approved,

signed and filed as appears from the date of such approval and signing and filing certificate of the clerk.'' The abstract not only does not undertake to say what the record proper says concerning the decree of December 14, 1905, but even the statement gives no information as to the purport of that decree further than to say it was ''a decree for respondent.'' But whatever that decree was, it was, according to the further statement, set aside on the last day of the term and the cause taken under advisement by the court, which at the next April term, on April 30, 1906, ''entered a decree for respondent,'' and as to that decree the motions for new trial and in arrest were overruled, on September 20, 1906.

There is nothing in the record proper showing the appointment of a referee or what was referred to him and there is no report of the referee in the record.

We do not know from this abstract what the decree of April 30th, or the final judgment was, but the cause is here on a short transcript and we refer to that for information. That shows that it was a money judgment only for $844.45 and costs. And so far as we can discover from the record before us that was the only judgment in the case. In his statement appellant says that the deed was set aside, but we find no judgment to that effect. We may conjecture that the court first found the issues in favor of the plaintiff, holding that the deed ought to be set aside, and then sent the cause to a referee to take an account of the rents and profits before entering final decree, because the final judgment shown in the short transcript recites that the exceptions to the referee's report are overruled and the judgment seems to follow that result.

If the judgment contained in the short transcript is the only judgment in the case it is erroneous because it does not respond to the issues made by the pleadings; it leaves the main question relating to setting aside the deed undecided.

Under the condition of the record as shown by the abstract we would be justified in disregarding the whole bill of exceptions and the statements concerning it, for the reason that the abstract does not show that the record proper shows that the bill of exceptions was by order of the court made a part of the record. A bill of exceptions becomes a part of the record only when the court orders it to be filed and made so, and that fact cannot be shown by recitals in the bill itself. Neither can the judgment rendered nor the orders overruling the motion for a new trial and in arrest be shown except by the record proper. The abstract need not set out full copies of such entries, but it must show that such judgments and orders were entered of record and the substance of their contents. Here we have a statement that the court rendered a judgment for the plaintiff, December 14, 1905, and other proceedings that indicate that the court on motion of defendant for a new trial set that judgment aside, and yet without allowing a new trial took the cause again under advisement and at the next term rendered another judgment for the plaintiff. This court has held that when a judgment is set aside and a new trial is granted there cannot be another judgment rendered without another trial. [Hurley v. Kennally, 186 Mo. 225.] But we cannot say that that was done in this case without an abstract showing what the court record shows of such judgments and orders. If respondent cared to show that there was a valid judgment in her favor she could have filed an additional abstract (Sec. 813, R. S. 1899), but that has not been done. We are therefore, in this case driven to so much of the record proper as the abstract shows and to the short transcript filed which contains the judgment rendered, which shows all that we can know of the case. From that source we find that the sole purpose of the plaintiff's suit is to obtain a decree vacating a deed which she had made to the defendant, on the ground that defendant had obtained

it by fraud. The prayer of the petition is that the deed be cancelled, that an account of the rents and profits be taken, and that she have judgment therefor. The judgment rendered was: "And it appearing to the court from said report that the referee finds the issues herein for the plaintiff and doth assess her damages at the sum of eight hundred and forty-four and 45-100 dollars. It is therefore considered by the court that the plaintiff recover of the defendant the said sum of $844.45, and also her costs and charges herein expended and have execution therefor." There is no disposition made of the deed which was the whole cause of the suit. Rents and profits follow only as an incident to the cancellation of the deed; without that the judgment for rents and profits would be erroneous. This judgment is erroneous because whilst it purports to be a final judgment it does not respond to the main issue in the case.

The judgment is therefore reversed and the cause remanded to be proceeded with in the circuit court according to law.

All concur.