# LILLIAN KUHL, Appellant, v. WARREN E. KUHL, Respondent.

### St. Louis Court of Appeals, November 7, 1911.

1. **DIVORCE: Trial Practice: Taking Case under Advisement.** In an action for divorce, where defendant makes default, it is not error for the court to take the case under advisement and postpone its decision to a later day.

2. **APPELLATE PRACTICE: Review: Taking Case under Advisement: Necessity of Exception.** In order to preserve for review the action of the trial court in taking a case under advisement, it is necessary that exception thereto be saved.

3. **TRIAL PRACTICE: Admitting Testimony After Submission: Divorce.** It is a matter of discretion with the trial court to admit or exclude testimony after a case has been closed, and such discretion will not be interfered with except in case of its manifest abuse; and this rule applies in an action for divorce, where defendant defaults and the witnesses who testify after the submission are called on the court's own motion.

4. **DIVORCE: Conduct of Plaintiff: Evidence Procured by Court.** Under section 2378, Revised Statutes 1909, the court, on hearing an action for divorce where defendant defaulted, is not concluded by the allegations of the petition nor by the default, but may, of its own motion, elicit facts bearing on plaintiff's conduct.

5. ———: ———: **Sufficiency of Evidence.** In an action by a wife for divorce, evidence of witnesses called at the court's instance *held* sufficient to show that plaintiff was guilty of misconduct warranting the denial of a decree.

6. **APPELLATE PRACTICE: Trial Practice: Conduct of Court toward Counsel: Harmless Error.** Where, in an action for divorce, the court refused to receive and pass upon objections made by plaintiff's counsel to questions propounded by the court, such refusal will not result in a reversal of the judgment dismissing the petition, where appellant fails to point out any testimony that should have been excluded on proper objection.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED.

*Vital W. Garesche* for appellant.

(1) Where a petition for divorce states a cause of action and the evidence offered is uncontradicted and substantiates the allegations of the petition, plaintiff is entitled to a decree of divorce as a matter of right, and it is the duty of the court to grant it. Deschodt v. Deschodt, 59 Mo. App. 102; Ulrey v. Ulrey, 80 Mo. App. 50; Kilpatrick v. Kilpatrick, 80 Mo. App. 73; Lynch v. Lynch, 87 Mo. App. 36; Raney v. Raney, 128 Mo. App. 167. (2) Counsel for plaintiff was entitled to make proper objections to improper questions asked by the court of witnesses summoned by the court of its own motion. (3) It is a cardinal principle of practice that in order to exclude improper evidence from the record it is necessary to make proper objections at the time the testimony is offered and this is true whether the court or opposing counsel propounds the question. 8 Enc. of Pl. and Pr., pp. 211, 212, 213, 214, also see 8 Ency. Pl. and Pr., pp. 215 and 216. (4) Plaintiff's counsel was an officer of the court and was therefore entitled to, and it was his duty as plaintiff's counsel, to make objections to questions that he con-

sidered improperly asked by the court and to save his exceptions thereto, and the refusal on the part of the court to permit him to represent his client was error.

*Nelson Thomas, amicus curiae.*

(1) It lies within the discretion of a court to set aside the submission of a case and hear further evidence. Pearce v. Danforth, 13 Mo. 360; Nelson v. Betts, 30 Mo. App. 10; Roland v. Beshears, 54 Mo. App. 227; Glenn v. Stewart, 167 Mo. 584; Jeffrey v. Robbins, 167 Ill. 375. (2) A court has the right to summon and examine witnesses of its accord, in the absence of request from either party to the suit. 8 Ency. Pl. and Pr., pp. 71, 72, 120; 21 Ency. Pl. and Pr., pp. 990, 975, 976; Moore v. Moore, 41 Mo. App. 176; State v. Nickens, 122 Mo. 607. (3) In a default divorce case, the good conduct of petitioner is material, and the court may and should inquire into it. R. S. 1909, sec. 2378; Grenzebach v. Grenzebach, 118 Mo. App. 280; Hamberg v. Hamberg, 147 Mo. App. 591. (4) Although a plaintiff's evidence tends to prove the defendant guilty of acts sufficient under the statute to warrant decree of divorce, still, unless the evidence shows the good conduct of the plaintiff and that she is the innocent as well as the injured party, the divorce will not be granted. R. S. 1909, sec. 2378; Grenzebach v. Grenzebach, 118 Mo. App. 280; Hamberg v. Hamberg, 147 Mo. App. 591. (5) The Court of Appeals will try an equitable cause on both the law and the evidence; and in an action for divorce it is the duty of the Court of Appeals to review the evidence and award such judgment as the trial court should have awarded. Grove v. Grove, 79 Mo. App. 142; Meredith v. Meredith, 79 Mo. App. 636; Schierstein v. Schierstein, 68 Mo. App. 205; Green v. Green, 22 Mo. App. 494. (6) Where the judgment is manifestly right, it should be affirmed regardless of errors occur-

ring at the trial. Williams v. Mitchell, 112 Mo. 300; Grocery Co. v. Grossman, 100 Mo. App. 338; Walsh v. Exposition Co., 101 Mo. 534; O'Shea v. O'Shea, 91 Mo. App. 221; Cutshall v. McGowan, 98 Mo. App. 702.

STATEMENT.—In this case, an action for divorce, defendant made default and plaintiff ·(appellant) at the hearing on the default and inquiry, introduced evidence tending to prove the allegations of the petition with regard to misconduct of the defendant. There was also testimony that plaintiff was of good character and behaved herself properly. At the close of the evidence offered by plaintiff, the court took the case under submission. On the following day, before decision and at the same term of court, the court in its discretion, for reasons not apparent in the record, set aside the submission and redocketed the case for further hearing on November 5, 1909. On that day, the plaintiff and her counsel being present, the court of its own motion and over the objection of the plaintiff, had Mrs. Laura Waldecker and other apparently reputable persons called and sworn as witnesses. They gave testimony tending to prove that plaintiff and witness' husband had been guilty of misconduct together. According to this testimony, the plaintiff often called Mr. Waldecker on the telephone, and was seen several times on the streets late at night with him, and had gone to the theatre with him, and this after warnings and protests from Waldecker's wife. Plaintiff was seen to visit apartments over a saloon with Waldecker and stay there with him several hours at night. He left his home and wife and went to live in the same house where plaintiff resided. He and plaintiff both resided in the same flat at the time of the trial. No one else appears to have resided there with them except a sister of the plaintiff, and there is some doubt suggested by the testimony as to whether the sister was there when Waldecker first went there. When Mrs.

Waldecker was testifying, plaintiff's counsel made an objection to a question asked by the court, and the court ordered him to sit down and said, "No further objections will be received on your part." To which ruling the plaintiff excepted. But the court informed the plaintiff's counsel that he might cross-examine the witnesses and gave him ample opportunity to do so. The court also stated its willingness to hear plaintiff as a witness and any witnesses on her behalf. For this purpose, on request of plaintiff's counsel, the case was laid over until the next Friday. But despite such invitation and opportunity, plaintiff did not testify or offer any testimoy in denial of the statements made by the witnesses which the court had called, but counsel for plaintiff stated in open court that he had no further evidence to present and did not wish to present anything more to the trial court.

Thereafter on November 26, 1909, plaintiff's petition was dismissed by the court of its own motion and plaintiff duly excepted to such action and has duly prosecuted her appeal to this court.

CAULFIELD, J. (after stating the facts).—The plaintiff makes three assignments of error which we will treat of in their order:

I. Plaintiff contends that the court erred in not granting plaintiff a decree of divorce at the conclusion of the first hearing in the cause. Plaintiff's counsel does not disclose wherein this error lies. It was certainly not error for the court to take the case under advisement and postpone its decision to a later day, and if it had been plaintiff did not preserve the point by excepting to such action. And it was not error to set aside the submission and admit testimony after the case had been closed. It is a matter of discretion with the trial court to admit or exclude testimony after a case has been once closed, and such discretion will not

be interfered with except in case of its manifest abuse. [Pearce v. Dansforth, 13 Mo. 360; Roland v. Beshears, 54 Mo. App. 227.]

Under this assignment plaintiff's counsel in his brief states as his first point: "Where a petition for divorce states a cause of action and the evidence offered is uncontradicted and substantiates the allegations of the petition, plaintiff is entitled to a decree of divorce as a matter of right, and it is the duty of the court to grant it." We need not pause to determine the exactness of that statement. The statute expressly provides that "in all cases where the proceedings shall be *ex parte,* the court shall, before it grants the divorce, require proof of the good conduct of the petitioner, and be satisfied that he or she is an innocent and injured party." [Sec. 2378, R. S. 1909.] Now in this respect the court was not concluded by the allegations of the petition nor by the default, and it was perfectly proper for it of its own accord to elicit facts bearing on the conduct of plaintiff. [Grenzebach v. Grenzebach, 118 Mo. App. 280, 94 S. W. 567.]

II. The plaintiff next assigns as error the action of the trial court in dismissing her bill at the conclusion of the second hearing. The argument of her counsel indicates that he means by this that the evidence of misconduct was not sufficient to justify the court in denying the divorce. This position is clearly untenable. The actions attributed to plaintiff by the witnesses were specific and, remaining unexplained, were entirely inconsistent with good conduct and innocence on her part. She had ample opportunity to explain her actions or to deny that she was guilty of them and failed to avail herself of it. It was the clear duty of the court to deny her a divorce under the circumstances.

III. Plaintiff next contends that "the court erred in excluding plaintiff's counsel from participation in

the examination of the witnesses summoned and examined by the court of its own motion at the second hearing of the cause."

The court did grant counsel the privilege freely to cross-examine the witnesses and he declined to avail of it. Plaintiff complains, however, under this head of the action of the court in refusing to receive and pass upon objections to questions being propounded by the court to the witnesses. Such refusal cannot serve as a cause for a reversal of the judgment herein because plaintiff fails to point to any testimony which should have been excluded upon proper objection, and we are satisfied that the misconduct causing a denial of the divorce was established by testimony of an unobjectionable character. [Tarrant v. Tarrant, 156 Mo. App. 725, 137 S. W. 56.]

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.