BADGER LUMBER COMPANY, a Corporation, Appellant, v. LELA BOSWELL, J. W. BOSWELL, REDLON LAND COMPANY, a Corporation, and A. N. GOSSETT, Trustee, Respondents.

Kansas City Court of Appeals, May 18, 1914.

APPEAL AND ERROR: Orders Applicable: Vacating Final Default Judgment. There is no appeal from an order vacating a final default judgment (following Bussiere's Admr. v. Sayman, 165 S. W. 796).

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

APPEAL DISMISSED.

*Botsford, Deatherage & Creason* for appellant.

While the trial court has a wide discretion in setting aside a judgment taken by default, still if on the face of the record there is no defense stated in the motion or a total failure of diligence on the part of the defendant or his attorneys is shown, the appellate court will reverse the order of the trial court in setting aside the judgment on the ground that such order is an abuse of its discretion and unjust to the innocent and diligent party. Car & Ice Co. v. Kemper, 166 Mo. App. 618; Lecompte v. Wash, 4 Mo. 557; Hall v. McConey, 152 Mo. App. 1; Parks v. Coyne, 156 Mo. App. 379; Carr v. Dawes, 46 Mo. App. 359.

*Moore & Creel* for respondent.

A judgment may determine the ultimate rights of all parties on each side as between themselves and it may grant to the defendant any affirmative relief to which he may be entitled, and a defendant who has plead a setoff or counterclaim is entitled to judgment

for balance due him or for any affirmative. Section 2091, R. S. 1909; Herman v. McNamara, 77 Mo. App. 1; Hay v. Short, 49 Mo. 139; McCoy v. Green, 83 Mo. 626; Dick v. Wright, 135 Mo. App. 536; McCord's Admr. v. McCord, 77 Mo. 166; Horstemyer v. Connors, 56 Mo. App. 121; Patton v. Forgey, 153 S. W. 575; Horstemeyer v. Connors, 56 Mo. App. 121; Patten v. Forgey, 153 S. W. 575.

TRIMBLE, J.—Plaintiff appeals from an order of the circuit court setting aside a judgment rendered after hearing the plaintiff's evidence, but in which defendants Boswell made default.

The suit was instituted February 3, 1912, to enforce a mechanic's lien against a house and lot alleged to be owned by defendants Lela Boswell, J. W. Boswell, for lumber sold by plaintiff and used in the erection of the house. Summons was issued returnable to the March Term, 1912, and the same was duly served upon defendants in time to require them to plead at that term. The suit was against Lela Boswell, J. W. Boswell, her husband, Redlon Land Company, and A. N. Gossett, Trustee. The two last named defendants were respectively beneficiary and trustee in a deed of trust given by the Boswells on the land in question. As the judgment which was set aside found that this deed of trust was superior to plaintiff's lien, the rights of said trustee and beneficiary are not involved and they are not complaining.

The Boswells were in default at the March term, 1912, and remained so throughout the June term, 1912. At the September term, to-wit, on October 8, 1912, the defendants Boswell being still in default, plaintiff appeared and announced ready. Neither of the defendants Boswell appeared, though the trustee and beneficiary in the deed of trust did. They had previously filed an answer consisting of a general denial and al-

legations setting up the superiority of their deed of trust.

Plaintiff waived a jury and submitted its evidence in support of its lien and the court rendered a personal judgment against Lela Boswell and J. W. Boswell for a balance of $518 due on said account with interest from October 18, 1911, aggregating $564.62 and enforced the lien on the house and lot described in the petition, subject however to the deed of trust aforesaid.

Three days later and at the same term, to-wit, on October 11, 1912, defendants Boswell filed a motion to set aside the judgment against them. With said motion they filed a joint and separate answer. On October 17, 1912, at the same term, they filed an amended motion to set aside the judgment against them, which motion was verified by the affidavit of J. W. Boswell for himself and as agent for Lela Boswell.

On the 19th of October, 1912, plaintiff filed a number of affidavits in opposition to the motion, and the matter went over until the December, 1912, term, to-wit, January 25, 1913. By this time the term of Judge Powell, who rendered the judgment, had expired and he had been succeeded on the bench by Judge Stone.

When the motion came on to be heard plaintiff objected to the consideration of the motion on the ground that the motion did not set up good or sufficient cause for setting aside the judgment nor did it show that defendants had a meritorious defense. This objection was overruled and the court sustained the motion and set the judgment aside. Plaintiff has appealed.

Under the ruling announced by the Supreme Court in the case of Buissiere's Admr. v. Sayman, 165 S. W. 796, no appeal lies from an order vacating a final default judgment. This appeal is, therefore, dismissed. The other judges concur.