This is a suit upon an attachment bond. On January 8, 1938, appellant filed her petition alleging that respondent Zack St. John brought a suit against plaintiff below for a grocery bill and in aid thereof said Zack St. John filed an affidavit of attachment and gave bond in said attachment suit for $300, signed by said Zack St. John and respondents Blanche St. John and Omer E. Brown, and attached personal property of plaintiff below (appellant here). Plaintiff made said attachment bond, or a copy thereof, a part of said petition.
Said petition further alleged that said personal property was turned over to persons other than plaintiff and was eventually lost to plaintiff below; said petition further alleged that plaintiff below won on both the merits and said attachment and that said attachment was dissolved; said petition further alleged that the property said to have been lost by plaintiff was worth about $500. Plaintiff asked $750 in damages in said petition for such alleged wrongful attachment.
For answer defendant below filed a general denial and alleged that defendant therein, Zack St. John, filed an amended petition in the suit for grocery bill in four counts and filed an amended attachment bond therein; that said Zack St. John had judgment in Greene County, Missouri, upon the 2d 3rd and 4th counts of said amended petition and that the amended attachment affidavit was sustained and the attachment was not dissolved, and that such judgment on the merits in favor of said Zack St. John became final.
It seems that defendants below were not present when this case was set for trial and on May 27, 1938, Judge Robert L. Gideon, the regular judge of said Christian County Circuit Court, rendered judgment and found, ordered and adjudged that plaintiff (appellant here) recover of and from all defendants (respondents here) the sum of $300 for loss of property and from defendants (respondents) Zack St. John and Blanche St. John the further sum of $100 for Zella McCormick for expenses of attending court; $50 for a cow killed while in possession of plaintiff in said grocery bill suit and for the further sum of $100 paid to T.R. Welch, out of the proceeds of the sale of the property attached, and for costs and ordered execution.
On June 4, 1938, defendants below (respondents here) filed a motion to set such judgment aside, alleging various reasons therefor. Said motion was not thereafter finally acted upon by Judge GIDEON; but the regular May Term of the Christian County Circuit Court *Page 75 
was later adjourned by him until July 5, 1938. On said July 5, 1938, Judge GIDEON, the regular judge of said court, was unable to be present and hold said Christian County Circuit Court and the bar of said Court elected the Honorable Joseph C. Crain as special judge to try the causes continued from the regular term to said adjourned term.
On June 15, 1938, as appears from the appellee's abstract, the Court (the record does not show which judge) made the following order:
"Motion to strike out motion to set aside judgment filed and overruled.
"Now on this day comes the plaintiff by attorney in the above entitled cause and files herein her motion to strike out the motion of the defendant to set aside the judgment herein and the court after having seen, heard and fully understood said motion doth overrule the same."
And on the same day made the following order:
"Now on this day, the Court, after having seen, heard and fully understood defendants' motion filed herein, heretofore, to set aside the Judgment rendered herein against the defendants, doth sustain the same."
On the same day the Court made the following:
"Motion for new trial filed.
"Now on this day comes the Plaintiff, by Attorney, and files herein her motion for a new trial."
On July 5, 1938, Judge CRAIN made the following order:
"Now at this day, the court, the Honorable Joseph C. Crain, having been duly elected as Special Judge, by the Christian County Bar, after having seen, heard and fully understood Plaintiff's motion for a rehearing filed herein, heretofore, doth sustain the same, on the ground that Defendant's motion to set aside Plaintiff's Judgment is not sufficient as a motion for a new trial or as a petition for review."
And on the same day Judge CRAIN set this case for July 11, 1938.
It is appellant's contention (appellant's abstract, page 18) that exclusive jurisdiction in this particular case was conferred by agreement of counsel upon Judge CRAIN, but the record entirely fails to show this.
On July 5, 1938, Judge CRAIN made and entered the following order:
"Now at this day, it is the order of the Court, Joseph C. Crain that the above entitled cause be and is hereby set for rehearing for July 11, 1938, on Defendant's motion to set aside judgment."
This order does not show anything more than that a rehearing in this case was set for July 11, 1938. It shows no agreement that particular jurisdiction in this case should be conferred upon Judge CRAIN and we do not find any such particular jurisdiction of this *Page 76 
case was ever conferred upon Judge CRAIN. The statement of the appellant above referred to is not borne out by the record before us, and from the additional abstract of respondents we learn that Judge CRAIN disposed of other cases during his incumbency as special judge.
On July 11, 1938, Judge GIDEON, being unable to be present and preside, Honorable Charles F. Boyd was duly elected special judge of said court and said Judge Charles F. Boyd, over the objection of appellant (as appellant contends and as again not shown by the record), reset this cause for rehearing on August 15, 1938, as appears by the following order:
"Now on this day, it is the order of the court, Charles F. Boyd, who was duly elected by the Christian County Bar, as Special Judge, that the above entitled cause be and is hereby reset for hearing on the 15th day of August, 1938."
On August 15, 1938, Judge GIDEON, the regular judge of said court, was present and presided in said court and on said day made and entered of record the following order in this case, to-wit:
"Now at this day, it is the order of the Court, Judge Robert L. Gideon, that the default judgment rendered herein for the Plaintiff be and is hereby set aside."
The abstract of appellant then proceeds as follows:
"And to the making of said order, plaintiff's attorney, for Zella McCormick, protested as to the jurisdiction of the court to make such order and objected and excepted to the making of said order as soon thereafter as the said order was made, as he had no knowledge that said order or that the court was to take up the judgment rendered in said cause and make any order concerning it; and that there was no motion or filing pending in said cause, filed by the defendants in said cause.
"And that the Judge, making the above order, gave no reasons orally or set out no reasons of record as to why he was assuming jurisdiction and making said order as made above in this cause."
Thereafter, on August 15, 1938, plaintiff in this case filed her motion to set aside the judgment or order of Judge GIDEON of August 15, 1938, and upon same being overruled, appealed to this Court.
The certificate of the clerk, as furnished by appellant, shows that on July 5, 1938, Judge CRAIN held the adjourned term of said court on account of the inability of the regular judge, Judge GIDEON, to be present. We understand that no question has been raised about the authority of Judge CRAIN to hold said adjourned term of said May Term of said court or to make necessary orders in causes continued to that date. The appellant contends that the order theretofore rendered by Judge CRAIN on July 5, 1938, became final, and the parties having agreed (as appellant contends) that the case should be tried by Judge CRAIN, all other judges were deprived of jurisdiction of the particular case and Judge GIDEON had no further jurisdiction over his *Page 77 
judgment of May 27, 1938, and hence his order setting such judgment aside was ineffective.
It is the general rule that any judgment rendered by a court is within the breast of the court during the term at which such judgment is rendered, and that such judge has full right to set same aside for any reason that may occur to him. [Reid v. Moulton (Mo.), 210 S.W. 34; In Re Henry Co. Mut. Burial Assn.,229 Mo. App. 300, 77 S.W.2d 124; Bruegge v. State Bank of Wellston (Mo.), 74 S.W.2d 835 (cited by respondents and numerous cases).] If Judge GIDEON had the right to set aside his judgment of May 27, 1938, there was no final judgment in the case and the appeal in this case was premature and should be dismissed.
There is no question in this case but that Judge GIDEON was the regular judge of said court and generally authorized to exercise all the powers of said court usually exercised by a circuit judge. If said order was made at the same term, in which the judgment was entered and the alleged agreement did not confer upon Judge CRAIN exclusive jurisdiction in the case, he (Judge GIDEON) had the right and power to make same, no matter what his reasons were for his so doing.
Judge CRAIN had all the authority of any circuit judge and had the undoubted right to set the case for July 11, 1938, as no order adjourning the regular May Term to court in course is shown. It must be assumed that the court on July 11, 1938, was an adjourned term of the May Term. Anything to the contrary not being shown, it may safely be assumed that the regular judge, Judge GIDEON, would likely be present and hold said court on July 11, 1938. There is nothing in the record showing that Judge CRAIN retained particular jurisdiction in this case, any more than in other cases pending in said court on July 5, 1938. When Judge GIDEON was again unable to be present on July 11, 1938, and to hold said court, the bar then elected Judge BOYD as special judge.
We find nothing in Section 1947, Revised Statutes Mo., 1929 (Sec. 2109, R.S. Mo. 1939), which deprived Judge BOYD of any of the powers of Judge GIDEON (State ex rel. v. Ross, 118 Mo. 23, 23 S.W. 196), and his continuance of this case (appellee's abstract, p. 26) certainly carried it to August 15, 1938, at which time the regular judge, Judge GIDEON, was present and held said adjourned term of said regular May Term, 1938.
It is our conclusion that Judge CRAIN did not have exclusive jurisdiction in this case and that the May Term, 1938, no adjournment to court in course being shown at any prior date, continued until August 15, 1938, and that said August 15, 1938, was one of the days of the May Term, 1938, and that said Judge GIDEON had the right and power at that time, by whatever name he chose to call it *Page 78 
and for whatever reasons he deemed sufficient, to set aside his judgment rendered May 27, 1938.
Having set aside his judgment of May 27, 1938, there was no final judgment in the case and this appeal must be deemed to be premature.
The appeal, therefore, should be dismissed and the cause remanded for trial to the circuit court. It is so ordered.Smith and Fulbright, JJ., concur.