James A. SETTLEMEYER, James C. Campbell and Malcolm Haywood, Respondents,

v.

Patrick V. MUSICK, Dorothea Musick and William J. B. Mayor, Appellants.

No. 22904.

Kansas City Court of Appeals. Missouri.

May 4, 1959.

Sol M. Yarowsky, Stanley D. Rostov, Kansas City, for appellants.

Combs & Denney, Commodore McFarland Combs, Jr., Kansas City, for respondents.

SPERRY, Commissioner.

Plaintiffs, stockholders in a corporation, sued defendants for damages allegedly growing out of the dissolution of the corporation and the absorption of all of its assets by another corporation, said acts alleged to have been fraudulently brought about by defendants who were officers and stockholders of the original corporation. Defendants moved for judgment on the pleadings, which motion was sustained by the Court. Thereafter, the Court set aside its judgment for defendants on the pleadings. Defendants have appealed.

Plaintiffs contend that there is no judgment from which an appeal will lie. We will, therefore, set out the events, orders, and judgments, in their chronological order, that form the basis of this appeal.

On May 13, 1958, the Court sustained defendants' motion for judgment on the pleadings, and entered judgment accordingly.

On May 20, 1958, plaintiffs moved to set aside that order and judgment.

On June 9th, plaintiffs' motion to set aside judgment on the pleadings was sustained, and, by leave, they filed their first amended petition.

On June 25th the Court, on its *own* motion, set aside its order and judgment of June 9th (setting aside its judgment on the pleadings) and, on its "own" motion, sustained plaintiffs' motion to set aside its judgment on the pleadings in favor of defendants, and reinstated the case. Plaintiffs, by leave of Court, filed their amended petition.

This appeal is from the last named order and judgment of the Court.

The Court, under 42 V.A.M.S. Supreme Court Rule 3.25, retains control over its judgments for a period of thirty days after entry, during which time it may, on its own motion "reopen, correct, amend or modify" same. It has ninety days from the date of the filing of a motion to set aside a judgment and grant a new trial, in which to act on said motion.

Defendants apparently complain that the judgment of June 25th, setting aside the judgment of June 9th, was taken more than thirty days after entry of the original judgment of May 13th, and was, therefore, beyond the power of the Court to enter of its own motion. The Court properly acted upon its own motion in setting aside its judgment of June 9th. That action had the effect of leaving the judgment of May 13th in full force and effect. But the record recites that " * * * it is ordered by the Court the plaintiffs' motion to set aside the judgment on the pleadings is hereby sustained." The plaintiffs' motion was

timely filed on May 20th. Therefore, the Court acted on and in response to said motion, not of its own motion; and such action was well within ninety days from the date of filing of said motion.

Plaintiffs' amended petition was properly filed. Section 509.490 RSMo 1949, V.A.M.S.

The logical conclusion must be that plaintiffs have filed a petition against defendants, to which defendants have not pleaded. There is *no* final judgment, of any kind or character, in this record. There can be no appeal in such a situation.

The appeal should be dismissed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.