Martin M. WICK (Plaintiff), Appellant,

**v.**

Joseph KESHNER (Defendant), Respondent.

No. 30254.

St. Louis Court of Appeals.

Missouri.

July 21, 1959.

Rehearing Denied Aug. 24, 1959.

Emerson Baetz, Alton, for appellant.

George A. Spencer, Columbia, for respondent.

DOERNER, Commissioner.

This is an appeal from a judgment dismissing plaintiff's suit with prejudice. The action was instituted on February 6, 1957 by the filing of plaintiff's petition, in which it was alleged that on February 9, 1952, plaintiff paid over to defendant the sum of $1,000 for the purchase of a one-third interest in an Aberdeen-Angus cow; that defendant took the $1,000 and converted it to his own use; that defendant did not make over the one-third interest in the animal; that defendant thereafter failed and refused to account to the plaintiff for said sum or the animal; and the petition closed with a prayer for judgment against the defendant for $1,000 and costs.

Thereafter defendant filed a motion to dismiss for failure to state a claim, a motion for a more definite statement, and a motion to dismiss for the reason that plaintiff, a non-resident of Missouri, had not given security for costs. The record shows that the parties appeared by counsel on April 9, 1958, and that the trial court ordered plaintiff to file a bond for security for costs or to deposit the sum of $100 in cash on or before May 12, 1958; overruled defendant's motion to dismiss; and sustained his motion for a more definite statement; and granted plaintiff leave to file an amended petition on or before May 12, 1958.

The record further shows that plaintiff failed to comply with the court's order either as to securing the costs or filing an amended petition. On September 10, 1958, defendant filed a motion to dismiss plaintiff's petition with prejudice because plaintiff had not secured the costs, and had failed to make his petition more definite and certain, as ordered. The court, on the same day, entered an order sustaining the motion and dismissing plaintiff's cause with prejudice, at plaintiff's costs, because of his failure to comply with the court's orders of April 9, 1958.

Subsequently, on September 22, 1958, plaintiff filed a motion requesting the court (1) to set aside its order of September 10, 1958, dismissing plaintiff's cause with prejudice; (2) to set aside its order of April 9, requiring plaintiff to make his petition more definite and certain; (3) to strike from the files defendant's motion for a more definite statement; and (4) to enter an order requiring the defendant to answer or otherwise plead to the petition on or before a day certain, to be fixed by the court.

The grounds upon which the motion to set aside the order of dismissal were bottomed were (1) that neither the plaintiff nor his counsel had been given five days' notice of the hearing on defendant's motion to dismiss, as required by Section 506.060 RSMo 1949, V.A.M.S.; (2) that the file showed that defendant's counsel "knew the name and address of plaintiff's principal counsel, and discloses no reason for failure to notify him. Defendant's counsel and the Court knew that plaintiff's local counsel, the only person purportedly notified, was doubtful of his authority to argue the matter"; (3) that the plaintiff "has now" deposited the sum of $100 to secure the costs; and (4) that the order of April 9, 1958, was not sufficiently specific either in itself, or by reference to plaintiff's motion for a more definite statement, to require action by plaintiff.

The record shows that the parties appeared before the court by counsel on October 31, 1958, at which time plaintiff's four-pronged motion was presented, argued and submitted. The court entered a judgment in which it found that the statutory five days' notice was not given to plaintiff prior

to the presentation of defendant's motion to dismiss, and that plaintiff's motion to set aside the order of dismissal of September 10, 1958, was sustained. The court also overruled plaintiff's motion in all other respects. The judgment then states that:

"All parties being present by counsel, defendant's motion filed on September 10, 1958, to dismiss with prejudice on the grounds of plaintiff's failure to comply with the orders of the court again called, presented, argued by both parties and submitted."

It is further found in the judgment that notice was given by the Clerk to both parties, on March 14, 1958, that a hearing would be held on April 9, 1958, on defendant's then pending motions; that both parties appeared by counsel and argued said motions; and that on April 9, 1958, the court overruled defendant's motion to dismiss, sustained his motion for a more definite statement, granted plaintiff leave to file an amended petition on or before May 12, 1958, and ordered plaintiff to secure the costs, on or before the same day; that prior to September 10, 1958, when defendant filed its motion to dismiss the cause, plaintiff had failed to comply with said orders of April 9, 1958; and that plaintiff by his counsel had stated in open court that he did not intend to comply with the order requiring plaintiff to amend his petition to make the same more definite and certain. The court by its judgment then sustained defendant's motion, and dismissed plaintiff's cause, with prejudice, at plaintiff's costs. Plaintiff thereupon appealed to this court.

Defendant contends that there is nothing before this court for review for the reason that no motion for a new trial was presented to the trial court, as required by Section 512.060 RSMo1949, V.A.M.S., and Supeme Court Rule 3.23, 42 V.A.M.S. In support of his contention defendant cites State ex rel. State Highway Commission v. Galloway, Mo.App., 292 S.W.2d 904, and Brown v. Thomas, Mo.App., 316 S.W.2d

234. The first of those cases holds that there are only three exceptions, to the rule that in order to preserve allegations of errors for appellate review such errors must first be presented to the trial court in a motion for a new trial: first, where the trial court has no jurisdiction of the subject matter; second, where the petition or answer fails to state a claim or defense; and third, where the evidence is insufficient to support the judgment. It is obvious that neither the first nor the third exception would be applicable in this case.

Nor is the second exception of aid to plaintiff. As was pointed out in Brown v. Thomas, supra, a motion for a more definite statement is in effect a concession that the pleading is sufficient to state a cause of action or defense, so that the pleading is not subject to a motion to dismiss or a motion for judgment, and is only an appeal for relief because of the injustice of stating the cause of action or defense in the manner pleaded. In that case the court squarely held that absent an allegation of error in the motion for a new trial as to the ruling of the trial court on the motion for a more definite statement, the claim of error was not preserved for appellate review. We therefore rule that respondent's point is well taken.

Apparently recognizing the merit of defendant's contention, plaintiff in his argument orally invoked Supreme Court Rule 3.27, which provides that plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not considered in the trial court or preserved for review, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom. In order to consider whether manifest injustice or a miscarriage of justice has resulted, it is necessary to consider plaintiff's assignments of errors.

Of these there are two, that after the court had set aside its order of dis-

missal of September 22, 1958, plaintiff was entitled to five days' prior notice before a hearing could be held on defendant's motion to dismiss; and that its motion to vacate the order of April 9, 1958, sustaining defendant's motion for a more definite statement should have been sustained. The difficulty with plaintiff's contention is that the transcript which plaintiff has filed with us does not support his assignment, for there is no showing therein regarding the matter of notice. In that state of the record we would be required to indulge and respect the presumption of regularity and proper action in the proceedings of the trial court with reference to a compliance with Section 506.060. Hendershot v. Minich, Mo., 297 S.W.2d 403. Furthermore, as pointed out in the statement of facts, it is stated in the judgment that both parties appeared, argued defendant's motion to dismiss, and submitted it to the court for its determination. Thus the record affirmatively shows not only that no question was raised at the time as to lack of notice, if a notice was lacking, but it also shows that plaintiff participated in the argument and the submission of the matter to the court, thereby waiving any notice to which he may have been entitled. The only purpose of a statute such as Section 506.060 requiring service of a notice is to afford the party to be affected an opportunity to appear for his own protection. George v. Middough, 62 Mo. 549; Baker v. Baker, Mo. App., 274 S.W.2d 322. And if the court takes up a motion with both parties present, both participate in the hearing and neither objects at the time, such action of the court cannot be subsequently assigned as error. Cashman v. Anderson, 26 Mo. 67.

■■ Nor is there any merit in plaintiff's complaint as to the action of the court in overruling his motion to vacate the order of April 9, 1958, sustaining defendant's motion for a more definite statement. The particulars sought to be obtained by defendant were the time when and the place where the alleged agreement had been made, whether it was oral or in writing; if in writing, the attaching of a copy to the petition or the pleading of the exact language thereof, the identity of the animal involved, and other matters. A motion for a more definite statement is addressed to the sound discretion of the court, whose ruling thereon will not be interfered with by an appellate court unless it is capricious or arbitrary. Kansas City Stock Yards Co. v. A. Reich & Sons, Mo., 250 S.W.2d 692, 699; Hartvedt v. Harpst, Mo., 173 S.W.2d 65; Sartin v. Springfield Hospital Ass'n, Mo., 195 S.W. 1037. We have carefully reviewed the statements and information defendant sought to obtain, and are of the opinion that the trial court did not abuse its discretion in sustaining defendant's motion. Kansas City Stock Yards Co. v. A. Reich & Sons, supra. Furthermore, as was stated in that case, we fail to see how plaintiff could have been injured by complying with the court's order. Instead, he did nothing from the time the order of April 9, 1958, was entered, until after the court sustained defendant's motion to dismiss on September 10, 1958. And when he stood on his petition at the hearing on October 31, 1958, and announced that he was refusing to comply with the court's order of April 9, the action of the court in dismissing plaintiff's cause was proper. Section 509.310 RSMo 1949, V.A. M.S.; Graves v. Dakessian, Mo., 132 S.W. 2d 972. It being apparent that no manifest injustice or miscarriage of justice has resulted, there is no reason for the application of Supreme Court Rule 3.27.

The Commissioner therefore recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, the judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.