Woodrow GOSNELL, Plaintiff-Appellant,

v.

Hildegard GOSNELL, Defendant-Respondent.

No. 7786.

Springfield Court of Appeals.

Missouri.

Nov. 6, 1959.

**232**

Wayne W. Waldo, Waynesville, for plaintiff-appellant.

STONE, Presiding Judge.

This is a divorce suit involving an American soldier and an Austrian girl, who married in Austria during August 1953, because (so the plaintiff soldier says) the girl, while yet unmarried, had borne him a child and thereafter had complained to his company commander. Plaintiff "was shipped back" to the United States shortly after the marriage; and, having been stationed at Fort Leonard Wood for more than one year, he filed his petition for divorce in the Circuit Court of Pulaski County on May 19, 1958, alleging that he was "a resident of Pulaski County" (as to which we admit some doubt) and charging the statutory ground of abandonment without reasonable cause for more than one year. Section 452.010. (All statutory references are to RSMo 1949, V.A.M.S.) Upon averments in plaintiff's verified petition and in a separate affidavit by plaintiff's then attorney (not his counsel on this appeal) that defendant was a non-resident of the State of Missouri, that she could not be served personally in this state, and that her address was "unknown," plaintiff purported to obtain constructive service by publication in the Richland Mirror. Section 506.160. Of course, defendant defaulted.

When the case came on for trial on July 28, 1958, the trial judge was openly (and we think properly) critical of "these short-cuts (by publication of notice) where there's some intimation or some indication that they're trying to cut off the other party and not give them a fair chance to know what's going on"; but, on plaintiff's insistence that "some" letters written to his wife had "come back" and that, although she was "somewhere in Austria," he did not know "exactly where" she was, a decree of divorce was entered. However, plaintiff's examination disclosed the address to which "army allotments" were being sent, so the Circuit Clerk of Pulaski County (presumably by direction of the trial judge) mailed a certified copy of the divorce decree to defendant at 3113 Prunner Street, Linz, Austria. In due time, a return receipt bearing the personal signature of defendant came back to the circuit clerk; and thereafter, to-wit, on August 26, 1958, the clerk received from defendant a letter written in her native language which (according to the translation in the transcript before us) stated that she "was very surprised to receive a divorce decree," asked "what the divorce was based on," inquired "why the father of the child, my husband, don't correctly know where the child lives,"

and complained (among other things) that plaintiff had not attempted "to care for me or the child in person," had not sent "papers that I can come over to join him with the child," and that the money received by her was "not ample to support the child, much less for both of us."

The circuit clerk immediately forwarded this letter (and the translation thereof) to the trial judge at his home in Phelps County; and, upon receipt thereof on August 27, 1958, the thirtieth day after entry of the decree of divorce, the judge drove to the office of the Circuit Clerk of Pulaski County, summoned plaintiff's attorney to that office, presented defendant's letter (and the translation thereof) to said attorney, "politely informed" him that the court intended to set aside the divorce decree, and thereafter on the same day entered an order setting aside that decree. On August 29, 1958, plaintiff filed his "Motion for New Trial or, in the Alternative, Motion to Set Aside Order of Court," the burden of which was that the court's order of August 27 vacating the judgment of July 28 had been entered without according to plaintiff notice and an opportunity to be heard. In his motion, plaintiff also complained that, "acting in good faith and believing he was free to remarry," he had done so on August 6, 1958, nine days after entry of the divorce decree, and that the action of the trial judge in vacating that decree was "nothing more than a kangaroo court."

Without any ruling on plaintiff's motion, the case was stricken from the docket on January 5, 1959, but at the request of plaintiff's attorney was reinstated on the docket ten days later. On January 27, 1959, plaintiff's present counsel entered his appearance in the circuit court, requested and obtained an order overruling plaintiff's motion theretofore filed on August 29, 1958, and thereafter filed another "Motion to Set Aside Order" (of August 27 vacating the divorce decree) which likewise was overruled. When plaintiff's counsel then inquired whether "plaintiff's petition (was) still pending and ready for a new trial,"

the court stated that "under all the evidence that's before the court * * * the petition for a divorce will be dismissed, because I'm of the opinion that this court had no jurisdiction at the time that the decree was originally entered, and because of the evidence that developed then and later," including "the evidence that's come to light that at the time * * * of the hearing of the divorce case the plaintiff knew that three days before that a child had been born of his to a woman here in Pulaski County, and nothing was said about that— that was all kept from the court." Plaintiff filed no motion for new trial; but, upon dismissal of his petition, his counsel immediately filed notice of appeal.

Upon appeal, plaintiff's primary attack is upon the order of August 27 (vacating the judgment of July 28) because, so counsel says, that order did not specify "legal grounds" or show "good cause" for its entry [see Section 510.370; Supreme Court Rule 3.25, 42 V.A.M.S.) and was "void for failure to give notice and hearing to plaintiff." In passing, we agree that reasonable notice and an opportunity to be heard (if the party to be affected adversely so desires) are prerequisites to lawful modification or vacation of a judgment [Hoppe, Inc. v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 23 A.L. R.2d 846; Baker v. Baker, Mo.App., 274 S.W.2d 322, 325, and cases there collected]; but we note that, although instant plaintiff's attorney admittedly was present when the judgment of July 28 was vacated on August 27, and although the then authority of that attorney to appear and act for plaintiff and to accept or waive service of notice on behalf of plaintiff has not been questioned, there is no indication in the record that said attorney *then* stated or even suggested that he wanted to communicate with his client before the court acted, or that he desired to present additional evidence or further argument, or in short that plaintiff in any wise challenged the court's power to vacate the judgment or objected to the procedural manner in which the court pur-

posed to exercise that power. Compare Baker v. Baker, supra, 274 S.W.2d loc. cit. 327. However, all such observations aside, we do not, for reasons shortly to be detailed, probe more deeply the *legal* merits of plaintiff's *present* complaints leveled at the order of August 27.

Since an order setting aside a *default* judgment is not an "order granting a new trial" within the contemplation and meaning of Section 512.020 specifying "who may appeal" [1] and many cases have held that an appeal will not lie from an order setting aside a *default* judgment,[2] instant plaintiff could not have appealed from the order of August 27 (vacating the judgment of July 28) even though the *effect* of that order was to grant a new trial. Nor could plaintiff have appealed from the orders overruling his motions to set aside the order of August 27. McCormick v. St. John, 236 Mo.App. 72, 149 S.W.2d 894. Consult also Blackwell-Wielandy Book & Stationery Co. v. John L. Boland Book & Stationery Co., Mo.App., 226 S.W. 274, 276. But, the involuntary dismissal of plaintiff's petition on January 27, 1959, with the order not specifying otherwise, constituted a dismissal with prejudice and operated as an adjudication upon the merits. Section 510.150; Hannibal v. St. Louis Public Service Co., Mo.App., 200 S.W.2d 568. In fact, it is clear from the record that the trial court so intended and that plaintiff's counsel so understood. Compare Foster v. Sayman, Mo.App., 181 S.W. 1186, 1189; affirmed, Mo., 187 S.W. 1198. So, the instant appeal necessarily is from the judgment of dismissal on January 27, 1959, and from that judgment only.

The order of August 27, 1958, plaintiff's motions attacking that order, and the court's rulings upon those motions were not a part of what formerly was known as the record proper but were matters of exception. Foster v. Sayman, supra, 181 S.W. loc. cit. 1188. See also Brown v. Thomas, Mo.App., 316 S.W.2d 234, 236. The requirement of Supreme Court Rule 3.23, 42 V.A.M.S., that "(a)llegations of error, in order to be preserved for appellate review, *must* be presented to the trial court in a motion for new trial" is mandatory [C & O Distributing Co. v. Milner Hotels, Mo.App., 305 S.W.2d 737, 738(1)]; and, excepting only those questions particularized and enumerated in Rule 3.23, a party is precluded from urging on a civil appeal any allegation of error not presented to the trial court in a motion for new trial. Section 512.160, subd. 1; Sapp v. Key, Mo., 287 S.W.2d 775, 780(7); Scowden v. Scowden, Mo.App., 298 S.W.2d 484, 485(2). In the instant case, plaintiff filed no motion for new trial, and none of his appellate assignments of error directed to the trial court's order of August 27, 1958, are within the exceptions specified in Rule 3.23. Accordingly, none of these assignments have been preserved for our review.[3] Plaintiff has not invoked our con-

---

1. Crossland v. Admire, 118 Mo. 87, 24 S.W. 154; Breed v. Hobart, 187 Mo. 140, 86 S.W. 108; Owens v. Owens, Mo.App., 280 S.W.2d 867, 868. See also State ex rel. Wendling v. Arnold, 197 Mo.App. 1, 7, 193 S.W. 292, 293.

2. Crossland v. Admire, supra; Bussiere's Adm'r v. Sayman, 257 Mo. 303, 165 S.W. 796; Holder v. Chidister, Mo., 193 S.W. 568; Stanton v. Hanna, Mo., 199 S.W. 145; State ex rel. Johnson v. Arnold, 317 Mo. 858, 297 S.W. 59; Badger Lumber Co. v. Boswell, 180 Mo.App. 180, 167 S.W. 1141; Carter v. Levy, Mo.App., 217 S.W. 549; Barkwell v. Carlisle, Mo.

App., 231 S.W. 1063; McCormick v. St. John, 236 Mo.App. 72, 149 S.W.2d 894; Owens v. Owens, supra.

3. Deichmann v. Aronoff, Mo.App., 296 S.W. 2d 171, 180(9); Brown v. Thomas, Mo. App., 316 S.W.2d 234, 236(4); Wick v. Keshner, Mo.App., 326 S.W.2d 369, 371 (2). See Foster v. Sayman, Mo.App., 181 S.W. 1186, 1188–1189; affirmed, Mo., 187 S.W. 1198. And, note the concluding statement in Owens v. Owens, supra, 280 S.W.2d loc. cit. 869, that "if the plaintiff is defeated in another trial *and properly preserves such questions* (concerning vacation of the default decree), then

sideration of any alleged error under Supreme Court Rule 3.27, 42 V.A.M.S., and the transcript on appeal reflects no "manifest injustice or miscarriage of justice" to goad us to such consideration, sua sponte, of any complaint about the order of August 27 vacating the judgment of July 28.

However, plaintiff's appellate assignment that the trial court had no authority to enter the involuntary judgment of dismissal on January 27, 1959, is properly for our determination under Rule 3.23. Since our way of life exalts, and our jurisprudence respects, marriage as a sacred relationship and as a cornerstone of civilized society, it is recognized that the state has a vital interest in, and becomes a party to, every divorce suit [Koslow v. Taylor, 356 Mo. 755, 203 S.W.2d 433, 437 (4); Wagner v. Shelly, Mo.App., 235 S.W.2d 414, 417(4); Hartle v. Hartle, Mo. App., 184 S.W.2d 786, 789(3)], that severance of the marriage relationship should be permitted only in the manner and for the causes specified by law, and that, in the conscientious and faithful discharge of his plain obligation to protect the public interest in divorce suits, a trial judge may elicit testimony from witnesses, may cause other witnesses to be subpoenaed, and in all proper ways may develop pertinent evidence not adduced by the parties themselves. May v. May, Mo.App., 294 S.W. 2d 627, 635; Kuhl v. Kuhl, 160 Mo.App. 363, 140 S.W. 949; Grenzebach v. Grenzebach, 118 Mo.App. 280, 94 S.W. 567. For that matter, it is said more generally that, in exercising its common-law right and duty to protect the sanctity of its judgments, a court may seek information and acquire knowledge aliunde the record, upon which, in the interest of justice, a judgment may be set aside [Savings Trust Co. of St. Louis v. Skain, 345 Mo. 46, 131 S.W.2d 566, 573(13); Ewart v. Peniston,

233 Mo. 695, 136 S.W. 422; In re Henry County Mut. Burial Ass'n, 229 Mo.App. 300, 77 S.W.2d 124, 126(6, 7); Cherry v. Cherry, 225 Mo.App. 998, 35 S.W.2d 659, 660, 661(8)], subject to the statutory limitation that, in the exercise of such inherent power, the court may not act arbitrarily without giving the party to be affected adversely reasonable notice and an opportunity to be heard. Hoppe, Inc. v. St. Louis Public Service Co., supra; Baker v. Baker, supra; Savings Trust Co. of St. Louis v. Skain, supra, 131 S.W.2d loc. cit. 574(14). But, it is one thing to set aside a default judgment, as was done in the instant case on August 27, 1958, and quite another and different thing thereafter to adjudicate the case on its merits without retrial and to render another judgment of diametrically contrary import, as was done by the involuntary dismissal with prejudice on January 27, 1959.

When the judgment of July 28 was vacated on August 27, the case was left for trial de novo as though there had been no trial [Smith v. Smith, Mo.App., 176 S.W.2d 647, 649(3); Brayton v. Gunby, Mo.App., 267 S.W. 450, 452(5)], "there was no basis for the entry of a judgment" [Porter v. Chicago, B. & Q. R. Co., 325 Mo. 381, 386, 28 S.W.2d 1035, 1037(3)], and another judgment should not have been rendered without retrial. Davis v. Lynn, 354 Mo. 1181, 193 S.W.2d 609, 610(2); Alt v. Dines, 227 Mo. 418, 126 S.W. 1035, 1036(3); Hurley v. Kennally, 186 Mo. 225, 85 S.W. 357, 358(3, 4); Willis v. Willis, Mo.App., 274 S.W.2d 621, 624(2). See also Jones v. Atlanta Life Ins. Co., Mo. App., 289 S.W.2d 438, 443; Dierman v. Bemis Bros. Bag Co., 144 Mo.App. 474, 129 S.W. 229, 230(2), opinion adopted 163 Mo.App. 522, 143 S.W. 1197. Although the information which had come to the trial judge aliunde the record quite understandably prompted vacation of the default judgment, certainly that information did

they may be presented on an appeal from the final judgment." (Emphasis ours) Contrast Blackwell-Wielandy Book & Sta-

tionery Co. v. John L. Boland Book & Stationery Co., Mo.App., 226 S.W. 274, 276.

not rise to the dignity of legal evidence permitting and supporting a final adjudication of the case on its merits. Compare Burk v. Burk, Mo.App., 14 S.W.2d 504, 506.

We recognize the statutory injunction that, before granting a divorce even in an ex parte case, a court should be satisfied that the petitioning spouse is not only an injured, but also an innocent, party [Section 452.090]; and, without presuming to suggest the future course or ultimate disposition of this cause, but rather that the import and scope of our opinion be not misconstrued, it may not be amiss for us to comment that, if that which came to the trial court aliunde the record is established by competent legal evidence, we could not quarrel with a finding that, regardless of whether instant plaintiff is an injured party, he is not an innocent one.

The judgment of dismissal is set aside and the cause is remanded for further proceedings not inconsistent with this opinion.

McDOWELL and RUARK, JJ., concur.