**Cliff B. SMITH, d/b/a Town and Country Supply Company, Plaintiff-Appellant,**

v.

**L. M. MALONE, Defendant-Respondent.**

No. 8059.

Springfield Court of Appeals.

Missouri.

July 11, 1962.

Henley & Fowlkes, Fred L. Henley, Caruthersville, for plaintiff-appellant.

No brief or appearance on appeal, for defendant-respondent.

RUARK, Presiding Judge.

This is an appeal from an order setting aside a judgment and returning it to the trial docket.

Plaintiff sued for damages caused by breach of contract. As appears by the petition and the contract incorporated therein by reference, the plaintiff Smith (now appellant) had a contract to build a house for one Fowlkes according to certain plans and specifications. On June 2, 1960, Smith entered into a subcontract with defendant Malone (now respondent) whereby Malone agreed to furnish the labor and tools required for the completion of said building, except certain specific items, for a price of $9500, to be paid in equal installments of 90% of the total wages paid by the subcontractor, and the balance on completion. The subcontractor agreed to commence work on June 2, 1960, to be present at the construction site on every working day

and to have the work completed on or before *October 2, 1960*.

On *February 23, 1961*, plaintiff filed the suit charging that defendant had failed to complete the building and praying for $4000 damages. No question is raised about service. On *May 16, 1961*, defendant not having answered, plaintiff took judgment. The court found the dwelling house was not completed on October 2, 1960, and remained uncompleted, and rendered judgment for $3874.43 damages.

On *June 1, 1961*, defendant filed an (unverified) motion to set aside the default judgment, alleging (1) the plaintiff filed the suit with fraudulent intent; (2) prior to answer time defendant discussed the suit with plaintiff and was informed by plaintiff that the filing of the suit was a fraud and he should ignore it; that it was for the purpose of coercing defendant to perform certain work without compensation; (3) the defendant also discussed the suit with one J. R. Fowlkes, one of plaintiff's attorneys, and received similar information; (4) defendant had a "good and meritorious defense" and had it not been for the statements so made he would have employed counsel and made defense; (5) the judgment was obtained by fraud.

On *July 3, 1961*, hearing was had on the motion. Preliminary colloquy and discussion by the attorneys with the court refers to a motion to dismiss, but we find no such motion in the record. However, it does show that plaintiff-appellant objected to the introduction of any evidence.

The court took the question under advisement and on September 5, 1961, entered its order setting the judgment aside and returning the case to the docket.

Appellant concedes that we cannot consider the motion to set aside the default judgment as a motion for new trial in ordinary course (V.A.M.R. 78.02). It is not aimed at anything in the record or anything which transpired during the course of the trial. It is a motion to vacate because of something entirely extrinsic from the record or proceedings.

Nor can it, under the majority rulings in our state, be treated as a motion in the nature of coram nobis.[1]

We are of the opinion that the appeal must be dismissed because there is no final judgment which can be appealed from. Our courts hold that there can be no appeal from an order setting aside a default judgment. Bussiere's Adm'r v. Sayman, 257 Mo. 303, 165 S.W. 796, 800; Kallash v. Kuelker, Mo.App., 347 S.W.2d 467, 471; Gosnell v. Gosnell, Mo.App., 329 S.W.2d 230, and cases cited at l. c. 234; Owens v. Owens, Mo.App., 280 S.W.2d 867, and cases cited at l. c. 869; McCormick v. St. John, 236 Mo.App. 72, 149 S.W.2d 894, 897; see Settlemeyer v. Musick, Mo.App., 325 S.W. 2d 61, 63.

In the Kallash case, supra, at l. c. 470 of 347 S.W.2d, the court said:

> "It must be kept in mind that this is not a case where the court has *refused* to set aside a default judgment and where the *defendant* seeks an appeal, nor is it a matter of a motion in the nature of a writ of error coram nobis, nor a proceeding for a review of a judgment irregular on its face, nor is the order vacating the judgment a granting of a new trial. * * * Cases involving such situations are not applicable here."

Let it be said that there are cases in which the parties were both represented and briefed and presented the case to the appellate court on the merits of the subject in

1. Quattrochi v. Quattrochi, Mo.App., 179 S.W.2d 757(4); Ragland v. Ragland, Mo. App., 258 S.W. 728, 730; Schneider v. Schneider, Mo.App., 273 S.W. 1081, 1083; Hartford Fire Ins. Co. v. Stanfill, Mo. App., 259 S.W. 867, 870; Jeude v. Sims, 258 Mo. 26, 166 S.W. 1048, 1052; Simms v. Thompson, 291 Mo. 493, 236 S.W. 876, 881; see Edson v. Fahy, Mo., 330 S.W.2d 854, 857; Norman v. Young, Mo., 301 S.W.2d 820, 822.

controversy, viz., as to whether the judgment should or should not have been set aside, and the court took the issues as presented and decided the case on those issues. But, for the reason aforestated, we must dismiss the appeal as premature. It is so ordered.

McDOWELL and STONE, JJ., concur.