Daisie BROWN, Plaintiff-Appellant,

v.

Dorothea M. THOMAS, Defendant-Respondent.

No. 7729.

Springfield Court of Appeals.

Missouri.

Sept. 22, 1958.

Orville C. Winchell, Lebanon, for plaintiff-appellant.

Glenn A. Burkart, Mann, Walter, Powell, Burkart & Weathers, Springfield, for defendant-respondent.

RUARK, Judge.

Plaintiff's Chevrolet and defendant's Buick having battled to a draw for possession of a highway lane, plaintiff brought suit for consequent damages and now appeals from a judgment based on a verdict for the defendant.

The petition charged several grounds of negligence. The answer was in effect a general denial of the negligent acts charged to the defendant, followed by a plea of contributory negligence in general terms. This answer was filed and served on *March 21, 1957*. No motion to make more definite was filed.

*Motion for new trial:* When trial began on *November 22, 1957,* and after a jury panel had been sworn and examined by the court, the plaintiff's attorney requested a ruling as follows: "Before we start to empanel this jury I would like to ask this request of the court: I would like for Mr. Burkart to specifically enumerate the grounds of contributory negligence which he has set up just generally in his answer." On objection that "the request comes too late," the request was refused. Appellant assigns error in respect to this ruling.

We note the request came several months after the time allowed by the Code for the filing of motions and responsive pleadings. Sec. 509.330; Supreme Court Rule 3.13.[1] And since it came on commencement of trial it can hardly be said that the *purpose* of the request was to enable the plaintiff to prepare responsive pleadings or to prepare generally for trial, as is provided in Sec. 509.310. And it affirmatively appears that plaintiff failed to make known to the court the *grounds* of her request. Sec. 510.210. The "request" by plaintiff does not question any of the pleadings as such or ask that anything be done in respect to such pleading. As we view it, such request was an attempt to seek the discretionary indulgence of the court in some character of oral discovery so that plaintiff might more expeditiously try the case.

But even though we consider the request as a motion to make more definite, which is "the only proper method of attack

---

1. For reference to section numbers see RSMo 1949 and Vernon's Annotated Missouri Statutes. For reference to Supreme Court Rules, see 42 V.A.M.S.

on a petition which pleads general negligence" (Allen v. St. Louis-San Francisco Railroad Co., Mo., 297 S.W.2d 483, 486; Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S.W.2d 654), we are of the opinion that we cannot consider the assignment because the claim of error is nowhere mentioned in the motion for new trial. With certain exceptions, one of which is the question of the sufficiency of the pleadings to state a claim or defense, allegations of error, in order to be presented for appellate review, must be first presented to the trial court in a motion for new trial. Supreme Court Rule 3.23; Horrell v. St. Louis Public Service Co., Mo., 277 S.W.2d 612; State ex rel. and to Use of Hickory County v. Davis, Mo., 302 S.W.2d 892. For one of the fundamentals is that the trial court shall be given a chance to correct its own errors before the assistance of an appellate court may be invoked. Gover v. Cleveland, Mo.App., 299 S.W.2d 239, 243; Grapette Co. v. Grapette Bottling Co., Mo.App., 286 S.W.2d 34.

■■ But the appellant has argued that the request should be considered as an attack upon the sufficiency of the answer. The exception applicable to motions for new trial is the *insufficiency of the pleading to state a defense* (so that the pleading is subject to a motion in the nature of demurrer or motion for judgment). A plea of general negligence is *sufficient* to state a defense of contributory negligence even though the defendant may be required, on proper motion, to plead more definite facts. Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87; Martin v. Turner, Mo., 306 S.W.2d 473; State ex rel. Shell Petroleum Corp. v. Hostetter, 348 Mo. 841, 156 S.W.2d 673. A motion to make more definite is in effect a concession that the pleading is *sufficient to state a cause of action or defense* and an appeal for relief because of the injustice of stating it in the manner pleaded. Graves v. Dakessian, Mo., 132 S.W.2d 972; Sartin v. Springfield Hospital Ass'n, Mo., 195 S.W. 1037; Allen v. St. Louis-San Francisco

Railroad Co., supra, 297 S.W.2d 483. Indeed, the motion and its ruling is not a part of what was formerly the record proper but was a subject to be included in the bill of exceptions and complained against in the motion for new trial. Graves v. Dakessian, supra, 132 S.W.2d 972; Garnett & Allen Paper Co. v. Midland Pub. Co., 156 Mo.App. 187, 136 S.W. 736; Hayden v. Grillo, 26 Mo.App. 289. As we view it, plaintiff's claim of error in respect to the ruling on her request is not preserved for us (see Winslow v. Sauerwein, 365 Mo. 269, 282 S.W.2d 14) and there is nothing in the record (nor does plaintiff so contend) which calls for the application of Supreme Court Rule 3.27. This assignment is overruled.

■ Another of appellant's complaints is that the court erred in urging the jury, which had been deliberating some time and was having difficulty in agreeing, to reach a verdict. This assignment also cannot be considered, because there is no complaint of such action in the motion for new trial. Neither was an objection made to such action of the court at the time, nor was there any motion for a mistrial. See cases cited *post* on failure to object.

■ *Failure to object*: Two of appellant's complaints are in respect to the conduct of the court. In one instance the foreman of the jury inquired, "The jury would like to know if both of these cars were insured." After a conference with counsel out of hearing of the jury, the court told the jury that it was not permitted to answer the question and that they would be guided by the evidence and the instructions. In the other instance the jury first returned a verdict, on the provided form, in favor of plaintiff, with damages "none." After inquiry of the jury and being informed by both the foreman and several of the jurors that "we meant there is no judgment to be given for either side," and "we found them both a little in the blame, both negligent, no judgment for either side," the court sent the jury out with

instructions to write their own verdict. After this they returned with a verdict for defendant in regular form. In neither of these instances did the appellant object or move for mistrial at the time of the occurrence. Neither of them was complained of until *after* the final verdict had been returned and announced.

■ If a litigant is to (later in the appellate court) complain of the action of the trial court in the conduct of a trial, he must make his objection to the action which he deems to be improper, or must make his request for the action or ruling which he believes to be called for in the circumstances. This objection or request must be "timely," that is, it must be made when the occasion for the ruling desired first appears in order that the matter may be called to the attention of the court, so that the court may have opportunity to correct, or set right, that which is (later to be) claimed to be wrong. Failure so to object or so to move, when the opportunity presents itself, is a waiver of the claimed error. 4 C.J.S. Appeal and Error § 246, pp. 764–765; Longworth v. Kavanaugh, 286 Mo. 546, 228 S.W. 83; Blanford v. St. Louis Public Service Co., Mo., 266 S.W.2d 718; Broome v. Wright, 15 Mo.App. 406, 410; State v. Baker, Mo., 293 S.W.2d 900, 906; State v. Whitaker, Mo., 275 S.W.2d 316, 321; State ex rel. State Highway Commission v. Bengal, Mo.App., 124 S.W.2d 687; Seniff v. City of Hannibal, Mo.App., 245 S.W. 197. One cannot sit by and gamble on the outcome and, if he loses the gamble, then, for the first time, make a tergiversating objection. If he chooses to gamble he must abide his wager. State ex inf. McKittrick ex rel. Chambers v. Jones, 353 Mo. 900, 185 S.W.2d 17, 22; State v. Blair, Mo.App., 280 S.W.2d 687; Fairgrieve v. Moberly, 29 Mo.App. 141, 149.

We recognize there might be instances where, for fear of antagonizing the jury or of "trial policy," counsel may be hesitant to make his objection immediately and in the presence of the jury (see Morris v.

E. I. Du Pont De Nemours & Co., 346 Mo. 126, 139 S.W.2d 984); but *without* considering that aspect of the question further we see no reason in this case why the objections (or motions for discharge if appellant thought it desirable) could not have been made out of the presence of the jury, or in all events immediately after the jury had again retired. The record in this case convinces us that in both instances plaintiff was content to wait and see which way the cat would jump before she decided that the action of the court was erroneous. This she may not do.

However, in deference to Supreme Court Rule 3.27 we have examined the questions raised by these contentions and we believe that the action of the trial court was correct and commendable in both instances.

■ *Failure to set forth instruction in brief*: Another assignment attacks defendant's Instruction 7 as not supported by the evidence and as being broader than defendant's pleadings. Nowhere in appellant's brief or argument is any part of this instruction set forth or paraphrased, nor does any language convey any idea of the form, substance or content of such instruction. The respondent has raised the point that the assignment cannot be considered because in violation of Supreme Court Rule 1.08(a), and we believe such point is well taken. The applicable portion of said rule (as amended October 16, 1956, effective May 15, 1957) is as follows:

"If a point relates to the giving, refusal or modification of an instruction (or instructions), such instruction[s] shall be set forth in full in the argument portion of the brief unless the point can be readily discerned and understood from a reading of only the questioned portion of the instruction, in which event it shall be sufficient to set forth only the latter."

Fairness to the great majority of lawyers who faithfully labor to comply with the rules in order that the business of the ap-

pellate courts may proceed with reasonable dispatch does not permit us to cast such rules aside in favor of those who make no effort to meet their requirements.

We have, however, simply out of judicial curiosity, examined the instruction and we believe that it is not subject to criticisms made in plaintiff's assignment.

 *Instruction on burden of proof:* Complaint also is made of defendant's burden of proof instruction, No. 4. This instruction states in substance that "the charge laid by the plaintiff Daisie Brown, against the defendant, Dorothea M. Thomas," is one of negligence as defined and submitted in other instructions; that it does not devolve upon the defendant "to disprove such charge"; that the burden is on the plaintiff in reference to "said charge"; and "said charge of negligence" must be sustained by the greater weight of the credible evidence. It concludes with the statement:

"If, therefore, you find the evidence touching *the charge of negligence against defendant,* as made in this case and submitted to you in other instructions, does not preponderate in favor of plaintiff, or is evenly balanced, then and in that event plaintiff is not entitled to recover, and you will find your verdict for defendant." (Our emphasis.)

The contention is that this cast the burden upon plaintiff to disprove contributory negligence. Plaintiff's sole cited authority is Manar v. Taetz, Mo.App., 109 S.W.2d 721, 723, which dealt with an instruction which placed the whole burden "on the issues in the case" upon the plaintiff. The instruction in this case is substantially similar to that given in Byrd v. McGinnis, Mo., 299 S.W.2d 455, loc. cit. 459, wherein the court stated, that "(t)he essential question is whether the instruction would reasonably lead the jury to conclude that plaintiff had the burden of disproving his own negligence," and thereafter remarked,

"It would seem that especial care was used to eliminate references to negligence in such general terms as to reasonably include the issue of contributory negligence." An instruction couched in almost the same language as the one under consideration was approved in Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S.W.2d 742. See also Gardner v. Turk, 343 Mo. 899, 123 S.W.2d 158; Christman v. Reichholdt, Mo. App., 150 S.W.2d 527; Montgomery v. Ross, Mo., 218 S.W.2d 99; Flint v. Loew's St. Louis Realty & Amusement Corp., 344 Mo. 310, 126 S.W.2d 193.

We think the giving of such instruction in this case was not reversible error.

The judgment is affirmed.

STONE, P. J., and McDOWELL, J., concur.