Effie SMITH, Appellant,

v.

ALASKAN FUR COMPANY, Inc., a Corporation, Respondent.

No. 46699.

Supreme Court of Missouri, Division No. 2.

July 13, 1959.

S. L. Trusty, A. C. Popham and Popham, Thompson, Popham, Mandell & Trusty, Kansas City, for appellant.

William H. Hoffstot, Jr., William A. Rundle, Jr., Morrison, Hecker, Buck, Cozad & Rogers, Kansas City, for respondent.

BOHLING, Commissioner.

Mrs. Effie Smith, an invitee, sued The Alaskan Fur Company, Inc., a Missouri corporation, for $25,000 for personal injuries sustained in a fall on defendant's entranceway on May 1, 1951. The trial

resulted in a unanimous verdict, October 9, 1957, for the defendant.

Plaintiff has appealed and claims error was committed in refusing a requested instruction, in striking certain testimony, and in the giving of instructions on behalf of defendant. Defendant contends plaintiff's testimony established that she was contributorily negligent as a matter of law in not exercising ordinary care to look and see where she was going. Having reached the conclusion that on the record as presented no prejudicial error was committed by the trial court, it is not necessary to rule on the issue that the trial court erred in not directing a verdict for the defendant.

Defendant operates a retail fur business at 1107 Walnut Street, Kansas City, Missouri. Its place of business faces west, and its terrazzo entranceway or vestibule is 10 feet deep, 11 feet wide at the sidewalk, and angles to a width of 6 feet at the door, which is of less width. The entranceway is flanked with sidewalk show windows on both sides. An awning across the front of the premises, when extended, goes out 6 feet over the sidewalk, which is 12 to 15 feet wide. Robert Francesconi, defendant's witness, had approximately 23 years' experience with terrazzo flooring and was a terrazzo contractor. He testified he examined this terrazzo floor and it contained 30% alundum, a hard non-slip substance; that 30% is much more than is used in some entranceways, and is the percentage used on stairs, shower stalls and places where there is greater danger of slippage; that a terrazzo floor, without alundum, is a smooth, hard finish but is not slippery, but if it has slick mud or dust on it, one is liable to slip. Some witnesses stated the floor looked level but the testimony is to the effect it sloped slightly, witness Francesconi testifying the slope was "slight," "enough for drainage."

All the testimony, including plaintiff's, was that there were no defects in this terrazzo floor.

Plaintiff and Mrs. Clara Harris, her daughter, went to the Commerce Trust Company at 10:00 a. m. for Mrs. Harris to make a deposit. There was a heavy rain while they were in the bank. After waiting until about 10:30, they walked two blocks to Mace's Jewelry Store, 11th and Grand. The rain had then slackened to a drizzle; was not raining to amount to anything. They left Mace's around 11:00, and arrived at defendant's about 11:10. The rain at that time was "just a drizzle," a mist-like rain. Mrs. Harris had her umbrella up. Defendant's awning was down. When they arrived under defendant's awning, the daughter stopped and let her umbrella down and plaintiff went ahead. Plaintiff testified the wind was blowing and mist was hitting her legs when she walked into the entrance. Plaintiff was wearing shoes with leather soles and cuban heels, a two-inch leather heel. She wore no overshoes. She was walking, and as she took her third step in the vestibule her left foot went out from under her and she fell as she "started to walk into the door." She fell in "muddy water, mud and water," an area about a foot across, the long ways. After her fall, there was mud on her glove, hose and skirt. She broke her left hip.

Philip Wang was then president of defendant corporation. He died prior to the trial. He was succeeded by Meyer Finkel. Mr. Wang, in a deposition offered in evidence, stated there was no customer in the store, and he was sitting near the door. He saw plaintiff and her daughter come up to the vestibule. They were trotting, almost running. He stated the sole and heel of one of plaintiff's shoes was wet, but there was no muddy substance on it, on the floor, or on her clothing.

Plaintiff's daughter, Mr. Wang and Mr. Finkel assisted plaintiff to a chair in defendant's store. A doctor was called and plaintiff was taken to a hospital. Plaintiff and her daughter testified that the daughter said to Mr. Wang: "If you had had the mat out, Mother wouldn't have slip-

ped"; and that Mr. Wang answered: "I am sorry, we hadn't got around to it." Mr. Wang and Mr. Finkel testified that such a conversation did not occur. Plaintiff and her daughter testified that the porter put the mat down before they departed. The evidence for defendant was that the mat was not put down until after plaintiff left and after it had rained hard.

Plaintiff's testimony with respect to the lighting and whether she looked at the floor is confusing. However, when all of it is read it is to the effect that defendant's lights were on in the vestibule and show windows and it was light; that she looked in a general way; that she looked in the show windows and in the front door; that she never looked at the floor until after she had fallen; that she could see the "muddy water, just like mud" plainly after she fell; that the truth of the matter was she did not see the mud and water sooner because she did not look.

The evidence on behalf of defendant was that the mat, a rubber runner about 3 feet wide, was usually used for ice and snow in the winter, and in case of a storm or hard rain in the summer, to protect the expensive carpeting inside the store, in conjunction with a rug on the carpet for customers to use to clean their shoes; that at the time plaintiff fell the entranceway was perfectly dry; that there was no foreign substance on the floor and no need for a mat.

Some additional facts will be stated hereinafter.

Plaintiff's verdict directing instruction (No. 1) submitted findings that defendant's "entranceway sloped * * *, and that it had been raining hard and was then raining and that there was then no mat thereon, and that at the time plaintiff fell there was mud and dirt and water on the surface of said entranceway and that the same was then slick and slippery and dangerous and not reasonably safe for the use of" defendant's invitees, and that defendant

was charged with notice thereof in time to have remedied the same and in time to have timely warned plaintiff, and that defendant negligently failed so to do, and that plaintiff was unaware of and in the exercise of due care would not have known and realized the above-submitted dangers and conditions, et cetera.

I. Plaintiff's main contention is the court erred in refusing plaintiff's instruction No. ½, which was on the theory "defendant owned, kept and placed a mat on the vestibule floor under similar rainy conditions."

a. Plaintiff does not set out the whole or any portion of the refused instruction, or indicate the pages of the transcript for statements of fact in the argument portion of her brief. The brief violates Rule 1.08 (a)(4) (42 V.A.M.S. appendix 3), which requires statements of fact in the argument to show the page of the transcript where the same may be verified and, when points are presented relating to instructions, the setting forth of the instruction or, in some instances, the questioned portion of the instruction in the argument. Rule 1.15 (42 V.A.M.S. 9) authorizes the dismissal of an appeal or the affirmance of the judgment for failure to comply with Rule 1.08, unless good cause is shown or the interests of justice otherwise require. Rule 1.15 embraces authority to disregard a "point" where the brief fails to comply with Rule 1.08. Consult Brown v. Thomas, Mo.App., 316 S.W.2d 234, 237[9]; Ambrose v. M. F. A. Co-operative Ass'n, Mo., 266 S.W.2d 647, 648, 650, 651; Stanton v. Phillips, Mo.App., 318 S.W.2d 516, 518.

b. Plaintiff's instruction No. ½ was a verdict directing instruction and, so far as here material, required findings "that priorly and for several years past defendant had assumed the duty of usually putting a mat thereon when it was raining to avoid slipping, if so, and that same was necessary in the exercise of due care on the part of defendant, if so, * * * and if you find that plaintiff at all times relied on the

fact, if a fact, that a mat was usually put on said entranceway when it was raining, if so * * *," et cetera.

Plaintiff, on redirect examination, stated that on occasions when she "had previously been there and it was raining" she saw a mat. Defendant renewed its objection with respect to the mat on the ground, among others, that no proper foundation had been laid. The objection was overruled. Then followed: "Q. You may state whether or not you relied on that fact at this time. A. Yes." Defendant's objection to the answer was sustained. Plaintiff fell on May 1, 1951. On cross-examination she testified she took her fur coat to defendant's store in April, 1951, but she could not recall that it was raining at that time; that she was at defendant's in the fall of 1950, it was "slushy" that day, and the mat was down. She could not remember every time she had been to defendant's. The above was the only previous specific occasion of the mat's being down established by plaintiff's testimony.

Plaintiff's instruction is based upon an alleged custom of this defendant of putting a mat on the entranceway when it was raining to avoid slipping. A general or particular usage or custom is not involved.

■ In 25 C.J.S. Customs and Usages § 9, p. 84, it is stated:

"Mutuality of knowledge. A party relying on a usage must himself have had knowledge of it at the time the transaction was entered into * * *." And: "Particular individuals. * * * A party to a transaction cannot set up a usage of the other party, of which the party setting it up was ignorant at the time of the transaction * * *." See Glidewell v. Arkhola Sand & Gravel Co., 212 Ark. 838, 208 S. W.2d 4, 9[11]; Wall v. Mutual Life Ins. Co., 217 Iowa 1106, 253 N.W. 46, 48[4]; Nonotuck Silk Co. v. Fair, 112 Mass. 354. Observations in Missouri cases are in accord. " 'To make a custom effective it must be shown to have been general, uni-

form, certain and notorious, known to the parties, or so general and universal in its character that knowledge must be presumed.'" McMiens v. United Rys. Co., 274 Mo. 326, 202 S.W. 1082, 1083. And see Davis v. Gatewood, Mo., 299 S.W.2d 504, 509[4, 5], approving Shane v. Lowden, 232 Mo.App. 360, 106 S.W.2d 956, 962[9], on the sufficiency of the evidence to prove a custom. An isolated instance or several instances do not establish a custom, usage or habit. Porterfield v. American Surety Co., 201 Mo.App. 8, 210 S.W. 119, 123[4–7]; Cleveland, C., C. & St. L. R. Co. v. Jenkins, 174 Ill. 398, 51 N.E. 811[5], 814, 62 L.R.A. 922, 66 Am. St.Rep. 296; 55 Am.Jur. p. 316, § 56; 25 C.J.S. Customs and Usages § 8, b, p. 81.

■ A witness should possess the necessary qualifications to testify to the existence of a custom; that is, it should appear that he possesses knowledge of the custom; and his testimonial qualifications rest largely in the discretion of the trial court. Davis v. Gatewood, Mo., 299 S.W.2d 504, 510 [5–7], and cases there cited. We are not inclined to interfere if the trial court considered plaintiff failed to establish her testimonial qualifications to show the involved custom on the part of defendant.

We have read plaintiff's cases and think them distinguishable in that in each it appears that defendant conceded or there was testimony from a qualified witness that the practice involved had been adopted by defendant. Vogrin v. Forum Cafeterias of America, Mo., 308 S.W.2d 617, 619; Bankhead v. First Nat. Bank, Mo.App., 137 S.W. 2d 594, 597, and on certiorari, State ex rel. First Nat. Bank v. Hughes, 346 Mo. 938, 144 S.W.2d 84; Barber v. Kellogg, Mo., 123 S.W.2d 100, 101; Berry v. Emery, Bird, Thayer Dry Goods Co., 357 Mo. 808, 211 S.W.2d 35, 38.

■ We are also inclined to the view that plaintiff's failure to look at the floor and discover the absence of the mat would constitute contributory negligence as a mat-

ter of law in the circumstances of record. Wilkins v. Allied Stores of Missouri, Mo., 308 S.W.2d 623[6]. The only substantive evidence was that the alundum, or non-slip substance, in this non-defective terrazzo floor was 30%, much more alundum than in the average and normal entranceway. It appears that in not having a mat on the floor defendant violated no legal duty owed plaintiff and should not be penalized for failure to take that extra precaution. Consult Schmoll v. National Shirt Shops, 354 Mo. 1164, 193 S.W.2d 605, 608[7].

We find no error in the court's refusal of plaintiff's instruction No. 1½.

II. What we have said disposes of plaintiff's point that the court committed prejudicial error in striking plaintiff's answer that she relied on the use of the mat on rainy days. Defendant's objection, interposed after plaintiff answered, was sustained but there was no request to strike and the answer was not stricken.

III. a. The remaining points in plaintiff's brief relate to defendant's given instructions, plaintiff claiming prejudicial error was committed in giving instructions No. 7 and No. 10 (Point III); instruction No. 8 (Point IV); and instruction No. 9 (Point V). Plaintiff does not set out in the argument portion of her brief any or so much of the questioned portion of any instruction as to permit one to readily understand the point. This is a flagrant violation of Supreme Court Rule 1.08(a)(4), and we approve what is said in Brown v. Thomas, Mo.App., 316 S.W.2d 234, 237[9] (where the applicable portion of Rule 1.08 (a)(4) is set out): "Fairness to the great majority of lawyers who faithfully labor to comply with the rules in order that the business of the appellate courts may proceed with reasonable dispatch does not permit us to cast such rules aside in favor of those who make no effort to meet their requirements." See also the observations in the authorities mentioned at I, a, supra. Our examination of the questioned instructions leads us to the conclusion that preju-

dicial error was not committed in the respects urged by plaintiff. We comment briefly upon the instructions without setting them out, although each is set forth in full in the argument in defendant's brief.

b. Plaintiff's Point III. Defendant's instruction No. 7 is based on evidence favorable to defendant, and is to the same legal effect as approved instruction No. 4 in Wilson v. Miss Hulling's Cafeterias, 360 Mo. 559, 229 S.W.2d 556, 559, 560. Instruction No. 10 was defendant's burden of proof instruction, does not use the words "to your satisfaction," and stands approved in Eisenbarth v. Powell Bros. Truck Lines, 235 Mo.App. 442, 125 S.W.2d 899, 902[3].

c. Plaintiff's Point IV. Instruction No. 8 is a copy of instruction No. 4 in Hewitt v. Katz Drug Co., Mo.App., 199 S.W.2d 872, 875. Summarized, it was to the effect that even though the jury found that some substance on the floor caused plaintiff to fall, defendant would not be liable unless the jury further found that such substance was on the floor for a sufficient time for defendant in the exercise of due care to have discovered and removed it or to have warned plaintiff of its presence; and, in that connection, that if the condition of the floor was open and obvious and plaintiff and defendant had an equal opportunity to know its condition, plaintiff was not entitled to recover.

"Under the rule the defendant was only required to exercise ordinary care to prevent injury to plaintiff. The defendant, as the occupier of the premises in question, was not liable to plaintiff-invitee for injuries resulting from an open and obvious condition of the premises as well known to the plaintiff as to the defendant." Wilkins v. Allied Stores of Missouri, Mo., 308 S.W. 2d 623, 628[3]. Harper v. First Nat. Bank, Mo., 196 S.W.2d 265, 267[4]; Small v. Ralston-Purina Co., Mo.App., 202 S.W.2d 533, 539[12].

The first part of the instruction submitted the converse of an essential portion of plaintiff's verdict directing instruction;

and in the Hewitt case, supra, wherein there was a verdict for the plaintiff and the observations there are not necessarily controlling here, it was considered that plaintiff's verdict directing instruction was not in conflict with the last portion of defendant's instruction and that defendant's instruction was "merely supplemental" to plaintiff's verdict directing instruction (199 S.W.2d loc.cit. 876[3]).

We have hereinabove held that plaintiff failed to make a submissible issue of a custom of defendant to have a mat on the floor.

■ The last portion of the instruction treats "more directly with the legal duty or basis of liability of defendant than with a question of contributory negligence." Schmoll v. National Shirt Shops, 354 Mo. 1164, 193 S.W.2d 605, 608[5]; Dietz v. Magill, Mo.App., 104 S.W.2d 707, 711[3, 4]; Dixon v. General Grocery Co., Mo., 293 S.W.2d 415[3]. Plaintiff's cases involving an issue of contributory negligence (Jones v. Kansas City, Mo., 243 S.W.2d 318, 322[4]; Ryan v. Kansas City, 232 Mo. 471, 134 S.W. 566, 985; Happy v. Walz, 358 Mo. 56, 213 S.W.2d 410, 416[11, 12], among others) are not controlling. We think an intelligent jury would understand that "the condition of the floor" mentioned in defendant's instruction No. 8 had reference to the condition of the floor submitted in plaintiff's only verdict directing instruction. The trial court considered defendant's instruction No. 8 not prejudicially erroneous. We sustain that ruling. RSMo 1949, § 512.160, subd. 2, V.A.M.S.

d. Plaintiff's Point V. Instruction No. 9 submitted plaintiff's contributory negligence. This instruction was adapted from approved instruction No. 9 in Dietz v. Magill, Mo.App., 104 S.W.2d 707, 710, 712[6]. The instant instruction required findings that plaintiff in the exercise of ordinary care could have seen the unsafe condition, if any, and failed to exercise ordinary care to look and see said unsafe condition, and that such failure was negligence directly

contributing to plaintiff's injuries. See Heidland v. Sears, Roebuck & Co., 233 Mo. App. 874, 110 S.W.2d 795, 801[4].

We have given the brief of plaintiff, the appellant, more consideration than it was entitled to receive under Rule 1.08(a)(4); and our action in this respect is not a precedent. We are in full accord with the action in Brown v. Thomas, Mo.App., 316 S.W.2d 234, 237[9].

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

STORCKMAN, P. J., EAGER, J., and BROADDUS, Special Judge, concur.