**Bernice K. KOIRTYOHANN, Plaintiff-Appellant,**

v.

**WASHINGTON PLUMBING AND HEATING COMPANY, a corporation, Defendant-Respondent.**

No. 34666.

Missouri Court of Appeals, St. Louis District, Division Two.

April 10, 1973.

Motion for Rehearing or to Transfer to Court En Banc or to Transfer to Supreme Court Denied May 11, 1973.

Whalen, O'Connor, Collins & Danis, St. Louis, Leo A. Politte, Washington, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment entered against her in accordance with a jury verdict in a wrongful death case. A prior judgment with the same result was reversed by the Supreme Court because of an erroneous contributory negligence instruc- tion. See Koirtyohann v. Washington Plumbing and Heating Co., 471 S.W.2d 217 (Mo.1971).

A full discussion of the facts of the case are contained in that opinion and will not be repeated here. Plaintiff's decedent was a foreman for the City of Washington and was supervising the relocation of a water line at the time of his death. He was lo- cated in the bottom of a ditch, working, when the ditch caved in, killing him. The defendant's employee had dug the ditch and the negligence charged was in con- structing the ditch in a negligent manner and failing to warn the decedent of the dangerous condition.

On this appeal plaintiff attacks only the defendant's contributory negligence in- struction. That instruction read:

## "INSTRUCTION NO. 8

Your verdict must be for the defendant if you believe:

FIRST, William Koirtyohann either: worked inside said ditch knowing the walls thereof were not shored; or worked inside said ditch knowing the walls thereof were not 'V' shaped and sloping inward toward the bottom; or worked inside said ditch knowing dirt had been piled close to the edge of the ditch, and

SECOND, By reason of the walls of said ditch not being shored; or the walls of said ditch not being 'V' shaped and sloping inward toward the bottom; or that dirt had been piled close to the edge of said ditch, the ditch was dangerous and un- safe to use by anyone working in it; and

THIRD, William Koirtyohann knew or in the exercise of ordinary care should have known and appreciated the danger of injury in working in said ditch as submit- ted in Paragraph First; and

FOURTH, William Koirtyohann's con- duct in any one or more of the respects

submitted in Paragraph First, was negligent; and

FIFTH, such negligence of William Koirtyohann directly caused or directly contributed to cause his death."

The instruction found erroneous on the prior appeal was the same except it did not include propositions "Second" and "Third." Because the instruction did not posit knowledge of a dangerous condition it was deemed to be insufficient to submit the contributory negligence defense to the jury.

Plaintiff now attacks the instruction on two grounds: (1) paragraph "Second" was repetitious and improper and required a finding of actual knowledge of danger by decedent and (2) the reference in paragraph four to paragraph "First" was a misdirection in not also directing attention to paragraph Third.

The first ground requires little discussion. Paragraph Second requires a finding of a dangerous condition. This is a necessary element to a finding that decedent appreciated or should have appreciated the danger of the situation, the theory upon which the Supreme Court concluded contributory negligence must be based.

Nor do we find plaintiff's second contention meritorious. The test to be applied is ". . . whether the average juror will correctly understand therefrom the applicable rules of law." Fairley v. St. Louis Public Service Company, 389 S.W.2d 378 (Mo.App.1965). We also must view all of the instructions including plaintiff's verdict-director [1] in determining whether the jury was properly instructed. Morris v. Continental Cas. Co., 423 S.W.2d 42 (Mo.App.1967). With these principles in mind we do not believe the jury could have been misled by the failure of paragraph Fourth to refer to both paragraphs First and Third. It must be noted that the various paragraphs are tied together by the conjunctive "and." This submission requires the jury to affirmatively find the ultimate facts set forth in each paragraph. The term "conduct" applies to the decedent's action in working in the ditch and is not normally thought of as applying to a state of mind, the subject matter of paragraph three. The instruction requires the jury to determine that decedent worked in a ditch which he knew possessed certain physical characteristics; that those characteristics were dangerous; and that he knew or should have known that working in the ditch with those characteristics was

1.  "INSTRUCTION NO. 3

Your verdict must be for plaintiff Bernice Koirtyohann and against defendant Washington Plumbing and Heating Company, a corporation, if you believe:

First, plaintiff was the wife of deceased William Koirtyohann, and

Second, defendant Washington Plumbing and Heating Company, a corporation, contracted with the City of Washington to construct a trench reasonably suitable for plaintiff's deceased husband and other crew members to enter and work to lay a water main, and

Third, the trench furnished by defendant was likely to cave-in because of the pressure caused by dirt piled along side the wall of the trench and because the sides were not sloped or 'V' shaped and the trench was thereby unsafe and dangerous for plaintiff's decedent and other crew members to enter and work in the manner and for the purpose intended, and

Fourth, defendant knew or by using ordinary care could have known of the unsafe and dangerous condition of the trench, and

Fifth, the plaintiff's decedent husband William Koirtyohann entered and worked in the trench and did not know and by using ordinary care could not have known of the unsafe and dangerous condition of the trench, and

Sixth, defendant's employee Homeyer failed to warn William Koirtyohann of such unsafe and dangerous condition, and

Seventh, defendant was thereby negligent, and

Eighth, as a direct result of such negligence William Koirtyohann died, unless you believe that plaintiff is not entitled to recover by reason of Instruction No. 8."

dangerous. Having made those determinations the jury then had to decide under paragraph Fourth whether decedent's conduct in working in the ditch was in the exercise of ordinary care. It is also to be noted that plaintiff's verdict-director in paragraph "Fifth" required the jury to find that decedent was without actual or constructive knowledge of the dangerous condition of the trench.

We are unable to conclude that the instruction is erroneous or that it could in any way have misled a jury of average people as to what it must find to adjudge the decedent guilty of contributory negligence.

The judgment is affirmed.

SIMEONE and KELLY, JJ., concur.