**Donna M. BERSETT, Appellant,**

v.

**K–MART CORPORATION, Appellee.**

No. 88–1079.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 20, 1988.

Decided March 14, 1989.

Rehearing Denied April 13, 1989.

---

George M. von Stamwitz, St. Louis, Mo., for appellant.

Lawrence B. Grebel, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, WOLLMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Donna Bersett appeals a jury verdict for the defendant, K–Mart Corporation. She contends that the jury was given an improper verdict-directing instruction. We reverse and remand for a new trial.

## I. BACKGROUND

On November 11, 1985, while shopping at the defendant's store, Donna Bersett approached and inspected a display of cedar sponge mops with metal squeeze bars. Numerous mops were hung at staggered distances on hooks attached to a peg board wall. As Bersett was handling one of the mops, a second mop fell from the upper portion of the display and struck her in the face, breaking her nose. The injury required emergency medical care, plastic surgery, and ongoing treatment. Bersett sued K–Mart for damages and a jury trial was held.

At trial, Bersett tendered in the alternative two proposed verdict-directing jury instructions. Instruction A reflected a theo-

ry of active or affirmative negligence.[1] Instruction B, a modified version of Missouri Approved Instruction (MAI) 22.02, provided:

> Your verdict must be for plaintiff if you believe:
>
> First, defendant maintained a display of mops with a metal squeeze bar, and
>
> Second, that such display was unsafe due to the height of the mops, or the proximity of the mops to one another, or the type of hook used to hold the mops, and
>
> Third, defendant knew or should have known of such danger, and
>
> Fourth, defendant failed to use ordinary care to remove the danger, and
>
> Fifth, as a direct result of such failure plaintiff was injured.

Both proposed instructions were refused by the district judge.

The case was submitted to the jury using Instruction 7 as the verdict director. Instruction 7, which was virtually identical to MAI 22.03, provided:

### INSTRUCTION 7

> Your verdict must be for plaintiff if you believe:
>
> First, there was an unsafe condition at the mop display in the K–Mart store due to the height of the mops with a metal squeeze bar, or the proximity of the mops to one another, or the type of hook used to hold the mops, and
>
> Second, plaintiff did not know and by using ordinary care could not have known of this condition, and
>
> Third, defendant knew or by using ordinary care could have known of this condition, and
>
> Fourth, defendant failed to use ordinary care to remove it or warn of it, and

Fifth, as a direct result of such failure, plaintiff was injured.

On December 11, 1987, the jury returned a verdict in favor of K-Mart. Four days later, the Missouri Supreme Court held that the second paragraph of MAI 22.03 was erroneous under the doctrine of comparative fault. *Cox v. J.C. Penney Co.*, 741 S.W.2d 28, 30 (Mo.1987) (en banc).

Until 1983, Missouri had applied the doctrine of contributory negligence as a defense to tort claims. In *Gustafson v. Benda*, 661 S.W.2d 11, 15–16 (Mo.1983) (en banc), the Missouri Supreme Court supplanted contributory negligence with a "comprehensive system of comparative fault," mandating the application of the doctrine of pure comparative fault in accordance with the Uniform Comparative Fault Act. The court provided that "[u]ntil the committee on instruction provides pattern instructions, the parties will be responsible for preparing their own instructions * * *." *Id.* at 16.

The committee did not modify MAI 22.03 to accord with this change in law. The Missouri Supreme Court took this specific matter upon itself in *Cox*.

The single issue in *Cox* was whether MAI 22.03 is contrary to the theory of comparative fault announced in *Gustafson*. *Cox*, 741 S.W.2d at 29. In resolving the issue, the court initially noted that "[u]nder MAI 22.03, a plaintiff's failure to exercise ordinary care in discovering an obvious danger is contributory negligence, and prior to *Gustafson*, would defeat the plaintiff's cause of action." *Id.* at 29–30. The court concluded:

> *Gustafson* abolished contributory negligence as a bar to the plaintiff's recovery in negligence cases. The requirement of MAI 22.03, paragraph second, that a plaintiff "not know and by using ordinary care could not have known" of

---

1. The tendered instruction read as follows:

The verdict must be for Plaintiff if you believe:
First, either:
Defendant stored mops with sharp metal edges above the head of their customers; or
Defendant displayed the mops with metal heads too closely together; or
Defendant displayed the mop with the metal squeeze bar on hooks that had improper retention, and
Second, Defendant, in any one or more of the respects submitted in paragraph First, was thereby negligent, and
Third, as a direct result of such negligence, Plaintiff sustained damage.

an unsafe condition is a vestige of the contributory fault system which *Gustafson* sought to end in the name of "fairness and justice."

Under comparative fault, we leave to juries the responsibility to assess the relative fault of the parties in tort actions. * * *

Paragraph Second of [MAI 22.03] is inimical to the concept of comparative fault adopted in *Gustafson*. The trial court erred in giving [MAI 22.03].

*Id.* at 30 (quoting *Gustafson*, 661 S.W.2d at 15).

## II. DISCUSSION

### A. Active negligence

 Bersett initially contends that the verdict director given, based on MAI 22.03, was improper under the circumstances of this case and that Instruction A, based on MAI 17.02 and offered by the plaintiff, was the appropriate instruction. The language in the instruction form book indicates that MAI 22.03 is traditionally used for "slip and fall" or passive negligence cases, while MAI 17.02 follows a pattern of active or affirmative negligence.

However, numerous Missouri cases indicate that the use of MAI 22.03 has been expanded out of the narrow realm of "slip and fall" cases into those involving other "dangerous conditions" on the premises which are not necessarily transitory.[2] For example, in *Blackburn v. Katz Drug Co.*, 520 S.W.2d 668 (Mo.App.1975), the instruction was modified to submit to the jury the defendant's failure to warn of dangerous intersecting aisles in its retail store. In general, precedent seems to allow a form of MAI 22.03 in this context. Consequently, we find this argument to be without merit.

### B. Retroactive application of law

 Both parties agree that *Cox* has explicitly rendered the second paragraph of MAI 22.03 inappropriate and inapplicable under the comparative fault law of Missouri. Bersett argues that the *Cox* decision should be applied to her case because appellate courts must analyze jury instructions in light of the law in effect at the time the appellate decision is rendered. She also claims that precedent requires us to retroactively apply this substantive change in law unless a manifest injustice exists.

K–Mart counters that, in diversity cases, the federal courts are controlled by state substantive law and thus we must apply Missouri's law of retroactive effect. Unfortunately, no specific case law exists which determines whether the *Cox* rule applies retroactively to pending appeals. In addition, K–Mart argues that a change in the law which pertains to jury instructions is procedural in nature, and procedural changes are only to be applied prospectively.

The parties focus their arguments on the distinction between substantive and procedural law; that is, if *Cox* involves a substantive change in law, then it should be applied retroactively, but if the change is construed as procedural, then *Cox* applies only prospectively. Such an analysis involves purely Missouri law, and consequently we will leave that issue, should it ever arise, for the Missouri courts to decide.

We need not delve into the substantive-procedural distinction to resolve this appeal. Although deviation from Missouri Approved Instructions constitutes presumptively prejudicial error in the state courts, Mo.R.Civ.P. 70.02; *Hudson v. Carr*, 668 S.W.2d 68, 71 (Mo.1984) (en banc); *Means v. Sears, Roebuck & Co.*, 550 S.W. 2d 780, 786 (Mo.1977) (en banc), "federal courts are not required to give the precise instruction set out in an MAI." *Hrzenak v. White–Westinghouse Appliance Co.*, 682 F.2d 714, 720 (8th Cir.1982).

---

**2.** *See, e.g., Koirtyohann v. Washington Plumbing & Heating Co.*, 494 S.W.2d 665, 667–68 (Mo.App. 1978) (applying elements of MAI 22.03 to a ditch cave-in); *Weber v. Hinds*, 440 S.W.2d 129, 133 (Mo.App.1969) (modifying MAI 22.03 to a case in which plaintiff allegedly fell due to inadequately secured tar paper on roof); *Jackson v. Cherokee Drug Co.*, 434 S.W.2d 257, 262 (Mo. App.1968) (adapting MAI 22.03 to a situation where injury was caused by a defective door).

In a diversity case, the giving or denial of jury instructions is not considered substantive and thus state law requiring the use of certain instructions is not binding upon the federal courts. *Id.* at 719; *Porter v. C.A. Dawson & Co.*, 703 F.2d 290, 292 (8th Cir.1983). "Although a federal judge is not required to use MAI, these instructions may be referred to for guidance." *Porter*, 703 F.2d at 292 (citation omitted).

On review, we must only determine whether the district court's instructions correctly stated the applicable Missouri Law. *Hrzenak*, 682 F.2d at 719. A verdict director given by the judge should properly set forth the elements of the plaintiff's prima facie case and inform the jury of the proper legal standard. *See Robinson v. Monsanto Co.*, 758 F.2d 331, 335–36 (8th Cir.1985). The verdict director given in Instruction 7 did not fulfill these requisites. The *Cox* case supports this conclusion.

At the time of trial, comparative negligence had been the law of Missouri for four years. Instruction 7 misstated that law. The district judge was not bound to use the language of MAI 22.03 and should have modified it to reflect the applicable law.[3]

██ K–Mart urges us to conclude that such an error should be considered harmless. Jury instructions are subject to the harmless error rule, and the trial court's judgment will be reversed only if the error "adversely affects the substantial rights of the complaining party." *Flanigan v. Burlington Northern Inc.*, 632 F.2d 880, 889 (8th Cir.1980) (citations omitted), *cert. denied*, 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed. 2d 349 (1981). Under this rule, the appellant generally has the burden of establishing the prejudicial effect of the trial court's refusal to give a requested instruction. *Id.*

Instruction 7 improperly stated the elements of Bersett's prima facie case, placing a burden of proof on her that is not required under Missouri law. We believe that this error "adversely affected" Bersett's rights and so we reverse and remand for a new trial.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent. In my view the only issue before us is whether the new rule adopted by the Supreme Court of Missouri in *Cox v. J.C. Penney Co.*, 741 S.W.2d 28 (Mo.1987) (en banc), should be applied retroactively. I believe that it should not, as the case was properly submitted to the jury under Missouri law existing at the time of the trial. I would therefore affirm the judgment of the district court.

In diversity cases, the Supreme Court of Missouri is the ultimate source of the law in Missouri. We are compelled to follow and apply its decisions. While we must do so with *Cox*, the question is whether it should apply retroactively to this case, which was tried and concluded four days before *Cox* was decided. Missouri courts have not yet determined whether *Cox* applies retroactively.

In *Chevron v. Huson Oil Co.*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court held that a decision should not be applied retroactively if it "establish[es] a new principle of law" and its retroactive application produces "substantial inequitable results." *Id.* at 107, 92 S.Ct. at 355. In *Cox*, the court announced a new rule for Missouri as to the duty owed invitees, by eliminating the second element of the Missouri Approved Instruction 22.03. MAI 22.03 required the jury to find that "plaintiff did not know and by using ordinary care could not have known of this condition." *Cox*, however, conclud-

---

**3.** We agree with the dissent that, essentially, the trial judge found himself between the proverbial rock and a hard place. Although *Gustafson v. Benda*, 661 S.W.2d 11 (Mo.1983) (en banc) adopted comparative fault as a concept applicable to Missouri, the Supreme Court failed to move forward with modified instructions in a timely way through the MAI committee work mentioned in *Gustafson*. Further, as also noted in the dissent, it was far from clear until *Cox* whether the knowledge of an invitee was an element of the duty of the invitor, a matter to be established by the plaintiff, or an affirmative defense to be established by the defendant. Nonetheless, we think the plaintiff was entitled to a statement of the law as established by *Gustafson* despite the difficult predicament the district court encountered.

ed that this element implicated contributory negligence and, therefore, under *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. 1983) (en banc), should no longer be considered. Under the principles of *Chevron,* I am satisfied that since *Cox* established a new principle of law by completely changing existing Missouri law, it need not be given retroactive effect.

For many years Missouri courts considered the knowledge element, as submitted in the second paragraph of MAI 22.03, as an essential element of a business invitee's right to recover. *See Milliken v. Trianon Hotel Co.,* 364 S.W.2d 71, 74 (Mo. Ct.App.1962) ("[l]ack of actual or constructive notice of the dangerous condition is an essential element of a business invitee's right to recover"). The Missouri Supreme Court held:

> The basis of the defendant-proprietor's liability is defendant's superior knowledge of an unreasonable risk of harm of which the invitee does not or in the exercise of ordinary care should not know. Such a defendant is not liable for injuries due to dangers which are obvious, or as well known to plaintiff as to defendant.

*Stafford v. Fred Wolferman, Inc.,* 307 S.W.2d 468, 473 (Mo.1957). The Missouri Supreme Court has also consistently held that the element of plaintiff's knowledge dealt "more directly with the legal duty or basis of liability of [the] defendant than with a question of contributory negligence." *Smith v. Alaskan Fur Co.,* 325 S.W.2d 740, 745 (Mo.1959) (court held contributory negligence cases not controlling). Before *Cox,* Missouri courts did not depart from these long-followed rules. In *Hokanson v. Joplin Rendering Co.,* 509 S.W.2d 107 (Mo.1974), the court concluded:

> In view of the parity of knowledge of the general conditions existing at the time and place of this accident, as between invitee and inviter, and of the superior knowledge of the particular cir-

cumstances possessed by the invitee, there was no legal duty owing to plaintiff by defendant with respect to potential dangers and the trial court erred in overruling defendant's motion for a directed verdict.

*Id.* at 113–14. In *Nichols v. Koch,* 741 S.W.2d 87 (Mo.Ct.App.1987), which was decided just two days before *Cox,* the court affirmed a directed verdict against the plaintiff in his suit for injuries sustained on defendant's premises. When plaintiff raised the comparative fault issue in its reply brief, the court refused to consider the issue as it was first raised on appeal. The court stated, however:

> [T]hat the resolution of this issue turns on whether the knowledge of an invitee is considered in determining the duty of the invitor or whether the knowledge is considered only in determining the invitee's contributory negligence or assumption of risk. If the focus is limited to the invitor's duty, then the invitor's duty is discharged by the invitee's equal knowledge, and the issue of the invitee's "comparative negligence" is not reached. Since the invitor has not breached his duty, the invitor is not "negligent" or at "fault", and, without the invitor's "fault", there is no "negligence" or "fault" to compare the invitee's "negligence" or "fault" with.

*Id.* at 90 (citations omitted). *See also Wann v. Lederman,* 735 S.W.2d 436 (Mo. Ct.App.1987).

*Gustafson v. Benda,* on which the Missouri Supreme Court in *Cox* relied, does nothing more than "supplant the doctrines of contributory negligence ... with a comprehensive system of comparable fault." 661 S.W.2d at 16. It was not until *Cox* that the *Benda* holding, with respect to contributory negligence, was applied to abolish the long-standing element of lack of plaintiff's knowledge in an invitee's case against the landowner.[1]

---

1. *Cox* did not exhaustively consider the history of this element, except to cite *Harbourn v. Katz Drug Co.,* 318 S.W.2d 226 (Mo.1958). *Harbourn* regards this element as part of the proprietor's basic liability as opposed to an element of contributory negligence. The theoretical issue involved has been discussed in some detail in consideration of the similar element contained in *Restatement (Second) of Torts* § 343A (1965). *See Morris v. Compagnie Maritime des Chargeurs Reunis,* 832 F.2d 67 (5th Cir.1987); *Walker v. Blacksea S.S. Co.,* 637 F.2d 287 (5th Cir. Unit

When this case was tried, the district court properly instructed the jury on the law of Missouri as to the duty owed invitees. This law had not yet been changed and had been recently reaffirmed. In considering the interests of both Bersett and K–Mart as required under *Chevron*, I conclude that to apply *Cox* retroactively and require a new trial would burden the litigants with "substantial inequitable results." I would not reverse the district court for applying the law as it then existed and for its inability to anticipate a substantial and unforeseeable change in the law of Missouri.

---

A 1981). In our earlier decision, *Will v. United States*, 849 F.2d 315 (8th Cir.1988), the court cites *Cox*, but found it unnecessary to examine earlier Missouri law.