Sandra J. CROSS and Robert J. Cross,
Plaintiffs-Appellants,

v.

LINDENWOOD COLLEGES,
Defendant-Respondent.

No. 47944.

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 18, 1984.

David V. Collignon, Clayton, for plaintiffs-appellants.

James E. Whaley, St. Louis, for defendant-respondent.

CLEMENS, Senior Judge.

Plaintiff Sandra Cross and her husband Robert sued Lindenwood Colleges for damages for injuries when she fell on defendant's premises. Plaintiff pleaded she was a special delivery messenger employed by the United States Postal Service and while making delivery fell upon a set of movable wooden steps which were maintained by the defendant in a condition not reasonably safe for business invitees. The trial court granted summary judgment for defendant based upon plaintiff's deposition testimony. Plaintiffs appeal. We reverse and remand.

Plaintiff was required to deliver bags of mail at a designated dual entrance. The upper entry was an enclosed loading dock some five to six feet wide and approximately fifteen feet long. Below this dock was another paved area giving access to the main building where deliveries were to be made. Access to the lower level was by an unattached set of approximately seven wooden steps leading down from the upper dock. Plaintiff had used these steps for over five years. On one occasion she had observed the steps were moved away from the loading dock so that she had to use a different entrance. At the time of her injury it was raining, and "darkish" inside the loading dock. Plaintiff had to go down the wooden steps in order to turn on a light. As she started to step down only the heel of her shoe touched the top wooden step which, she later discovered, had been partially pushed under the loading dock at a "cater-corner angle." Only a small portion of the top step had not been pushed under the dock. Defendant moved for summary judgment alleging that plaintiff, "as a business invitee to defendant's premises, was aware, had known, and knew of said general condition of said room for a period of at least five (5) years. Defendant cannot be held liable for plaintiff's alleged injury which resulted from her knowing and knowledgeable encounter with said general condition." Defendant further contended plaintiff's familiarity with the stairs' conditions left no genuine issue as to any material fact that would permit plaintiff to recover.

Fundamentally, the basis of the liability of a possessor of land to an invitee is the former's superior knowledge of a defective condition of his premises involving an unreasonable risk of harm unless the danger is known or obvious to the invitee. *Hokanson v. Joplin Rendering Co., Inc.,* 509 S.W.2d 107, 110 (Mo.1974); *Chism v. White Oak Feed Co., Inc.,* 612 S.W.2d 873, 878–79 (Mo.App.1981). The pertinent standards defining the duty of a possessor are set forth in Restatement (Second) of Torts, §§ 343, 343A(1) (1965).

However, knowledge on the part of an invitee of the general condition from which danger arises does not necessarily constitute knowledge and appreciation of the danger actually encountered. *Chism v. White Oak Feed Co., Inc.,* 612 S.W.2d at 880; *Brice v. Union Electric Co.,* 550 S.W.2d 629, 632 (Mo.App.1977). The question, therefore, is whether or not plaintiff, with knowledge of the dim lighting conditions of the steps' movability, can also be charged with knowledge that on this particular occasion, the steps had been moved partially underneath the loading dock. We believe that reasonable minds could reach differing conclusions in response to this question and therefore summary judgment was inappropriate. *Watson v. McGraw-Hill, Inc.,* 507 S.W.2d 366, 368 (Mo.1974).

The judgment is reversed and this cause is remanded to the trial court for further proceedings.

GAERTNER, P.J., and SNYDER, J., concur.